Richard **WILLIAMS**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 6191.

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1959.

J. J. Bruce, Oklahoma City, Okl. (Bruce & Rowan, Oklahoma City, Okl., on the brief), for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

The defendant Williams, a Postal Service employee, was tried by the court and convicted of detaining and of secreting mail in violation of 18 U.S.C.A. § 1703. He appeals from a judgment of guilty and a sentence of 18 months imprisonment.

The defendant's duties required him to deliver mail over a prescribed route and to collect mail which had been deposited in certain relay or collection boxes. The evidence discloses that two decoy letters containing money were placed in one of these boxes and were collected by the defendant along with 60 to 100 other pieces of mail. When the defendant delivered this mail to the post office, the two letters were missing. When questioned, defendant stated they were in the glove compartment of his automobile. He explained that when his mail bag, containing the mail which he had collected was placed in his automobile, these two letters, unknown to him, had fallen out of the bag and become lodged between the front seat of the car and the door; that when he returned he found them there and placed them in the glove compartment intending to return them to the post office. The evidence is undisputed that the letters were not delivered to the post office when the defendant returned and that he had "clocked out" for the day before he was questioned.

It is contended that there is no evidence of intent to secrete or delay the mail. Intent, in such cases as this one, is a question of fact to be resolved by a jury or the trial court. Anderson v. United States, 9 Cir., 253 F.2d 419; Fliashnick v. United States, 2 Cir., 223 F. 736. There was ample evidence to sustain the court's finding that the requisite intent or unlawful purpose was present.

When the defendant was brought before the court for sentencing, he was asked if he had anything to say before the passing of sentence. The defendant stated that he had not intended to steal the letters and was not a thief. Whereupon, the trial judge stated that he had intended to place the defendant on probation, but because in his opinion defendant continued to be dishonest, he had decided to sentence him to 18 months' imprisonment. While the court's action in denying probation because of the defendant's continued assertion of his innocence may seem severe, the matter is one entirely for the trial court. Smith v. United States, 10 Cir., 273 F.2d 462.

Affirmed.