**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rogelio HERNANDEZ–VELA,
Defendant-Appellant.**

**No. 75–3271.**

United States Court of Appeals,
Fifth Circuit.

June 9, 1976.

Roberto Yzaguirre, McAllen, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and HOFFMAN,* District Judge.

PER CURIAM:

Appellant Rogelio Hernandez-Vela appeals from his conviction for conspiracy to possess marijuana in violation of 21 U.S. C.A. §§ 841(a)(1), 846, and from the sentence imposed by the trial court following that conviction. He urges that the trial court erred in refusing to compel disclosure of the identity of a confidential informant, that the trial court read a presentence report pertaining to him prior to his trial, and that the trial court improperly pressured him to confess prior to sentence. We find no merit in his first two contentions, but in

light of our comments in *United States v. Wright*, 5 Cir., 1976, 533 F.2d 214, we are required to distinguish as to the remarks of the sentencing judge. We affirm the conviction and sentence of this defendant.

An agent of the Federal Drug Enforcement Agency received information from a reliable confidential informant that a large load of marijuana would be crossing the Rio Grande River on October 16, 1974, and would be delivered to a particular address or an abandoned house adjacent thereto. He and a number of other agents established surveillance at the location. After they observed several individuals coming from the south carrying burlap sacks to the abandoned house, the agents called all units to close in on the location. At that point the various individuals, hearing the approaching units, fled the scene. Appellant Hernandez-Vela also attempted to flee, but was stopped by an unforeseen clothesline. The agent pursuing Hernandez-Vela was then able to apprehend him because of his entanglement. After having been given the customary warnings regarding his constitutional rights, Hernandez-Vela stated that "I am guilty, I have been caught, I will pay the consequences."

Hernandez-Vela was indicted with six other individuals, who were apprehended within twenty-four hours after his arrest, for conspiracy and for two substantive drug offenses. All of the defendants initially went to trial together, although Hernandez-Vela had moved to sever his case. During the trial, after the government had presented a substantial portion of its case, a severance and mistrial was granted as to Hernandez-Vela, because of the untimely death of his attorney's child. The trial continued, and the remaining defendants were convicted of conspiracy to possess marijuana, which sentences were vacated and remanded as to Wright and Joule by this court due to the remarks of the sentencing judge urging the defendants to "come clean". See *United States v. Wright*, supra.

Subsequently, appellant stipulated to all testimony that was admitted at the first

* District Judge of the Eastern District of Virginia, sitting by designation.

trial and also waived a jury for his second trial. The government moved to dismiss the two substantive counts against Hernandez-Vela and proceeded to trial only on the conspiracy count. The court found Hernandez-Vela guilty and sentenced him to four years imprisonment with a special parole term of five years.

■ Appellant's first argument, that the trial court erroneously failed to compel disclosure of the identity of the confidential informant, is without merit. In *Roviaro v. United States,* 1957, 353 U.S. 52, 77 S.Ct. 623, 1 L.Ed.2d 639, the Supreme Court stated that the trial court should balance a number of factors, including "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors" in determining whether disclosure is required. 353 U.S. at 62, 77 S.Ct. at 629, 1 L.Ed.2d at 646. In *Rugendorf v. United States,* 1964, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, the court noted that an appellant must develop such factors on the record to support an assertion of such an error. Hernandez-Vela here offers only supposition that the informant must have been a participant in the crime, who might provide evidence tending to exculpate him. See *United States v. Toombs,* 5 Cir., 1974, 497 F.2d 88, 92–93. The trial court properly acted within its discretion in denying the motion to compel disclosure.

■ A more difficult issue is presented by appellant's argument that the trial court improperly considered a presentence report in determining guilt, in violation of Rule 32(c), F.R.Crim.P. The Supreme Court considered Rule 32(c) in *Gregg v. United States,* 1969, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442, in which it stated that the rule is to be rigorously enforced, where applicable. The court went on to hold that the record in *Gregg* did not show a violation of Rule 32(c), and that there was no evidence of prejudice in the circumstances of the case. In this case, no presentence report had been prepared on Hernandez-Vela at the time of his trial. Rule 32(c) by its terms applies only to a trial court's reading of a presentence investigation report on the defendant who is being tried, and not to the reading of a report on one other than the defendant. Cf. *United States v. Duhart,* 9 Cir., 1974, 496 F.2d 941, cert. denied, 419 U.S. 967, 95 S.Ct. 230, 42 L.Ed.2d 182 (Rule 32 not applicable to prison report).

Because Rule 32 is not applicable, we need not consider whether a violation of that rule would constitute error per se or whether prejudice must be shown. Compare *United States v. Park,* 9 Cir., 1975, 521 F.2d 1381, 1383 with *Webster v. United States,* E.D.Va., 1971, 330 F.Supp. 1080; *United States v. Small,* 3 Cir., 472 F.2d 818, 821, and *United States v. Gallington,* 8 Cir., 1973, 488 F.2d 637, 639. We are instead faced with the situation wherein the trial judge has acquired background information regarding the defendant who is being tried before him. As this court has noted previously a trial judge in a criminal case is often placed in the position of being exposed to such information in the course of pretrial proceedings such as motions to suppress or quash. See *Smith v. United States,* 5 Cir., 1966, 360 F.2d 590. Such a problem is inherent in the federal criminal justice system, in that a limited number of federal judges must try a multitude of defendants, many of whom have committed multiple crimes or have previously been tried for crimes in the same district.

We have recently considered a factual situation very similar to that involved here. In *United States v. Ramirez,* 5 Cir., 1975, 513 F.2d 72, this court held that *Gregg* was inapplicable, in that no presentence report had been prepared on the defendant, but went on to consider whether an incriminating document included in the presentence report on other participants in the same crime had affected the trial of Ramirez. This court found that the trial court's reading of the document was harmless, in that Ramirez had admitted his guilt in the prior trial and was willing to admit his guilt in his own trial as well. Moreover, as is the case here, Ramirez had stipulated to all the evidence admitted at the prior trial, including his own in-court confession.

We hold that, in order to require reversal in a situation such as this, the appellant must show sufficient prejudice in the court's exposure to background information regarding him or the crime for which he is being tried. We find that Hernandez-Vela has not shown sufficient prejudice for two reasons. First, he stipulated to all testimony given at the first trial, which included the government agent's testimony regarding his admission of guilt immediately after arrest. Second, there is nothing in the trial court's comments at the second trial to indicate prejudice. The statement of the trial court regarding the officers' "version of this thing" in fact appears to be based upon the testimony to which Hernandez-Vela stipulated. Having found insufficient evidence of prejudice, we affirm Hernandez-Vela's conviction.

Finally, we reject the argument made by Hernandez-Vela that the trial court improperly pressured him to confess his guilt prior to sentencing. Although we found to the contrary for his codefendants in *United States v. Wright,* supra, Hernandez-Vela was not subjected to the comments of the trial judge set forth in that decision as he was sentenced separately. Rather, the only statement made by the trial court to Hernandez-Vela was to the effect that he should talk freely to the probation officers, and that the other defendants had also told "the truth about everything" to the probation officer. Such

a comment does not force the defendant to forego his constitutional rights, but rather reflects the desire of the trial court to sentence each defendant individually. There is a distinction between urging a convicted defendant to "come clean" in court, least it "be put to him," and urging a convicted defendant to be honest with a probation officer for a confidential report used in sentencing. We therefore find that the tone of the trial court's comments[1] was sufficiently moderate in that they did not violate the law of this circuit as discussed in *United States v. Wright,* supra.

AFFIRMED.

1. The statement of the trial court was as follows:

The Court: All right, Rogelio Hernandez-Vela, I have found you guilty as charged in count one, and I'm going to order a presentence report on you, and I will sentence you here on July 10th at 9:00 A. M. And before you leave here today you have to talk to one of my probation officers.

Now I want to tell you that even though these four codefendants plead not guilty, that they have told my probation officer the truth about everything. They said they were involved in this thing, that they did come down here to get this marijuana. According to them, Cuauhtemoc was the seller, but that you were involved in it, too.

And the officers tell me in their version of this thing that when they caught you with the $7,000 that you just said, "Well, you

caught me and I will pay the consequences, but I cannot tell you anything else."

Now when you talk to my probation officers, if you have anything to tell me, see, if you ask us to keep it a secret, I will keep it a confidence, see. So you can tell my officers—if you don't want to tell them anything about this case, you don't have to. But you want to you can tell them, so that I will know what involvement, if any, you had in this case.

You understand?
The Defendant: Yes.
The Court: All right. Now don't leave here without talking to one of the probation officers.

Now remember that you have to be here on July 10th to be sentenced.
Mr. Yzaguirre: Thank you, your honor.