**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Collyer WRIGHT and William R.
Joule, Defendants-Appellants.**

**No. 75–2794.**

United States Court of Appeals,
Fifth Circuit.

June 9, 1976.

---

M. Kenneth Woodward, Jr., Houston, Tex., for Wright.

Gerald H. Goldstein, San Antonio, Tex., for Herrell & Joule.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and HOFFMAN,[*] District Judge.

PER CURIAM:

Appellants William R. Joule and David Collyer Wright, having been found guilty in a jury trial of conspiracy to possess marijuana in violation of 21 U.S.C.A. §§ 841(a), 846, appeal from their sentences as imposed by the trial court. They argue that the trial court effectively penalized them for exercising their constitutionally guaranteed rights by urging them to "come clean" prior to imposing sentence. We agree and therefore vacate and remand for resentencing.

Appellants Wright and Joule do not challenge their underlying conviction for conspiracy and we therefore need not consider the facts surrounding their offense.[1] They base their appeal entirely on various com-

---

[*] District Judge of the Eastern District of Virginia, sitting by designation.

[1] For a brief summary of the facts, see United States v. Hernandez-Vela, 5 Cir., 1976, 533 F.2d 211. Wright and Joule were acquitted by the jury on two substantive counts for violations of 21 U.S.C.A. 841(a)(1), 952(a). Hernandez-Vela was indicted with Wright and Joule and was initially placed on trial with them. During the trial, a severance and mistrial were granted as to Hernandez-Vela because of the death of his attorney's child. Hernandez-Vela was later tried separately and convicted only on the conspiracy count.

ments made by the trial court at the beginning of their trial and immediately prior to sentencing. These comments are set forth more fully in the margin.[2] Appellants argue that these comments show that the trial court imposed a more severe sentence on them because of the exercise of their constitutionally guaranteed rights to trial by jury and to remain silent.

■ In *Thomas v. United States*, 5 Cir., 1966, 368 F.2d 941, this court established the rule that a trial court may not pressure defendants, who have been found guilty following a trial by jury, to confess their guilt prior to the imposition of sentence. In that case, where appellants had been sentenced to the maximum statutory term, this court vacated and remanded for resentencing under its supervisory powers, because such comments had infringed on basic constitutional rights of the appellants. In *Bertrand v. United States*, 5 Cir., 1972, 467 F.2d 901, the rule was extended to the situation where a trial court at sentencing pressured a defendant to admit his guilt in a crime other than that to which he had pleaded guilty and for which he was being sentenced. Finally, in *United States v. Rogers*, 5 Cir., 1974, 504 F.2d 1079, this court found the Thomas rule to be equally applicable, where the defendant was urged to "sing" about others involved in the conspiracy.

■ The United States Attorney argues that the comments of the trial court, when taken in the context of the entire record, were not prejudicial. This is based on the fact that appellants had been found guilty and that each did in fact admit his guilt and express regret at his complicity in the crime and that, moreover, none of the appellants received the maximum possible sentence.[3] The law of this circuit is nonetheless clear, however, in prohibiting such comments by the district court at the time of sentencing. A defendant does not lose his right to appeal or to continue to assert his innocence simply because the verdict of the jury is guilty. Moreover, the fact that the maximum statutory term was not imposed is not dispositive of the issue. In *United States v. Rodriguez*, 5 Cir., 1974, 498 F.2d 302, 312–13, the sentence imposed was three years for one appellant and five years for another, each of whom refused to admit his guilt. In contrast, a sentence of five years for another appellant was suspended for all but six months after he admitted his guilt. This court found that the pattern of sentencing combined with the district court's comments to all of the defendants

2. The Court: And no question in my mind about your guilt, and I think that the biggest culprit in this case is this fellow Cuauhtemoc Escobar that testified against you all. He was the biggest culprit and they let him go. You know why? Because he's not a dummy, see. He confessed right away and I will testify against everybody. If you boys had come clean with the officers, see, you could have testified against him and you would have had the main one, see. You would have had the big cog, see. But he's on the loose and fancy free because you all are dumb, see. People ought to come clean. Come clean. If you get caught, by God, take your medicine. No, you weren't guilty at all, see. The jury found you guilty and good reason, see. Good reason.

\* \* \* \* \* \*

The Court: The probation officers told me that you told him—
Defendant Joule: That is not true.
The Court: —that your attorney had told you that all you would probably get would be probation.

I think that's the trouble with me down here. I have too many cases because people think I'm too light a judge, but those days are gone forever. Gone forever.
Defendant Joule: It's not true.
The Court: I will make them go some other place up the river because they are not going to come down to Brownsville to smuggle marijuana or buy marijuana. No more. I have to try hundreds of cases anyway. There people come in and come clean with me I'm easy on them, but when they don't want to tell me the truth then, by God, I put it to them.

What do you have to tell me before I pass sentence on you?

3. It is in fact true that the trial court in the case of appellant Joule imposed the precise sentence recommended in the presentence report, and in the case of appellant Wright imposed a sentence of four years imprisonment, rather than the three years as recommended in the presentence report. Our remand is not intended to suggest what sentence should be imposed.

constituted plain error, and vacated the sentences of the first two appellants.

Appellants here argue strenuously that, because the district court in this case was the same as in Rodriguez, supra, we should remand to a different judge for re-sentencing. We are confident, however, that the court below will properly exercise its discretion in resentencing without penalizing appellants for the proper exercise of their constitutional rights. We feel this to be so, in light of the various mitigating factors that the United States Attorney argues should have required affirmance of the sentencing. We therefore vacate the sentence imposed by the court below and remand for resentencing, not inconsistent with the decisions of this court discussed above.

VACATED and REMANDED.