**Brenda Cantrell VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 234–95.

Court of Criminal Appeals of Texas, En Banc.

Sept. 11, 1996.

Lewis Dickson, Houston, for appellant.

Alan Curry, Assistant District Attorney, Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the felony offense of aggravated assault. V.T.C.A. Penal Code § 22.02. After the jury found appellant guilty as charged in the indictment, it assessed her punishment at a six year term, probated, and a $5,000 fine.

On appeal to the First Court of Appeals, appellant argued, *inter alia*, that she was denied her right to reasonably effective assistance of counsel at the punishment phase of trial under Art. I, § 10 of the Texas Constitution. The court of appeals overruled this claim and affirmed the conviction. *Vaughn v. State*, 888 S.W.2d 62 (Tex.App.—Houston [1st Dist.] 1994). In her petition for discretionary review appellant challenges the court of appeals' disposition of this claim, contending that the court ignored Fifth Circuit caselaw to the contrary. We granted review to determine whether the court of appeals erred in holding that appellant's counsel was not ineffective.

## I.

Appellant testified at the guilt-innocence phase of trial. Her testimony raised the issues of self-defense and defense of a third party. The jurors were entitled to believe or disbelieve her testimony, and it is clear that they did not find that her actions were justified as she claimed. At the punishment hearing before the jury, appellant again took the stand and again maintained her innocence when cross examined by the State:

"Q. Miss Vaughn, do you accept the jury's verdict?

A. Yes, I have to.

Q. During the trial you denied what took place and what the jury found to be true. And do you now admit to the members of the jury that that took place?

A. No, what I told the jury was absolute truth, what I believe was the truth, what happened was the absolute truth."

In his closing argument at punishment, the prosecutor referred to the foregoing exchange:

"You know, ladies and gentlemen, one of the first things a person has to do when they want to rehabilitate is to admit their crime. Admit what they did. Admit the injustice and the harm they caused to another. But we didn't hear that up here today. They had have [sic] not admitted to anything. They are not admitting to what you found them guilty of. That's the first step anybody has to take in rehabilitation. They haven't done it. A possible reason could be for them to do it, they would have to get on the stand and admit to you that they lied to us. But the thing is they are not admitting it and that is the first step to rehabilitation."

Appellant's trial counsel did not object to this questioning and argument.

In her ground for review, appellant contends that counsel was ineffective because of this failure to object. According to appellant, the State's questions and argument put her in a "Catch–22," i.e., a situation with equally undesirable and prejudicial alternatives. Specifically, appellant argues that the State violated the Due Process Clause of the Fifth Amendment to the United States Constitution by forcing her to choose between two evils.[1] First, she could choose to admit her guilt. Because this admission would be inconsistent with her protestations of innocence at the guilt-innocence phase of trial, it would open her up to aggravated perjury charges. See V.T.C.A. Penal Code § 37.03. Such an admission would also waive a review of the sufficiency of the evidence and all error that occurred during the guilt innocence phase. *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Cr.App.1985); *McGlothlin v. State,* 896 S.W.2d 183 (Tex.Cr.App.1995). In short, she might be prosecuted for perjuring herself and she might forfeit her statutory right to appeal. Her other choice is the one she actually made in this cause, *viz:* to persist in telling the jury that she was innocent. Under this scenario, she would face what occurred in this case: the prosecutor invited the jury to punish her more harshly for being recalcitrant.

Appellant argues that her trial counsel was ineffective for not objecting to the dilemma created by the prosecutor. The court of appeals found no caselaw dispositive of, or even addressing, this claim. The court declined to fault counsel for failing to raise a less-than-well-settled claim and rejected the point of error. We will affirm the judgment of the court of appeals.[2]

## II.

### A.

■ The test for determining whether counsel rendered ineffective assistance of counsel at the punishment phase of a noncapital trial is that adopted by the Court in *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App. 1980). This test asks whether counsel was reasonably likely to render effective assistance and whether counsel reasonably rendered effective assistance—i.e., whether the defendant received reasonably effective assistance of counsel. *Ex Parte Langley,* 833 S.W.2d 141, 143 (Tex.Cr.App.1992). There is no requirement that a defendant show prejudice—that but for counsel's performance the outcome of the proceeding would have been different—as is required under the second prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ex parte Cruz,* 739 S.W.2d 53 (Tex.Cr.App. 1987).

■ As the court of appeals correctly states, in order to argue successfully that her trial counsel's failure to object to the State's questioning and argument amounted to ineffective assistance, appellant must show that the trial judge would have committed error in overruling such an objection. *Vaughn,* 888 S.W.2d at 74. Appellant cannot meet this burden. As we discuss below, there is no caselaw clearly supporting appellant's

---

1. Nowhere in her "Brief in Response to the Granting of her Petition for Discretionary Review" does appellant cite any statute or Federal or State constitutional provision that was violated by the alleged error. She does say that the Hobson's choice she faced violated "Due Process" but does not elaborate. Article I, § 19 of the Texas Constitution speaks in terms of "due course of law." For this reason, we take appellant's invocation of "Due Process" to be an argument brought under the Fifth Amendment to the United States Constitution.

2. We also granted review on the merits of the claim underlying the ineffective assistance of counsel claim, namely that the State's questions and arguments violated appellant's due process rights. For various reasons we decide, however,

that the underlying claim was improvidently granted. Tex.R.App.Pro., Rule 202(k). First, our present disposition of the ineffective assistance claim is to the effect that the caselaw on the substantive issue was too uncertain to predicate an ineffective assistance claim. Second, appellant did not raise the substantive issue on appeal. Finally, it is not even clear that the court of appeals reached the substantive issue so much as it just pointed out the lack of any definitive authority. *Vaughn,* 888 S.W.2d at 73–74. Thus, appellant's ineffective assistance of counsel claim is the only of the two grounds for review granted that is properly before this Court and is the only ground for review we need to decide.

claim. We have said that basing an ineffective assistance claim on caselaw that is unsettled at the time of counsel's actions "would be to engage in the kind of hindsight examination of effectiveness of counsel the Supreme Court expressly disavowed in *Strickland* ..." *Ex Parte Davis*, 866 S.W.2d 234, 241 (Tex.Cr.App.1993) (counsel not ineffective for failing to object to prosecutor's argument, at punishment phase of capital trial, that "deliberate" synonymous with "intentional" since this Court had not clearly interpreted "deliberate"), citing *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). We will not engage in such an analysis here.

### B.

■ Having chosen to take the stand at guilt and deny committing the offense, appellant was cornered into a difficult decision by the prosecutor once she took the stand again at punishment. But it does not necessarily follow that appellant's rights were violated. Though an admission of her guilt at punishment would amount to aggravated perjury, V.T.C.A. Penal Code § 37.03, and a waiver of appellate rights, *McGlothlin,* supra, and *DeGarmo,* supra, it is unclear that there is anything unconstitutional about putting appellant to a choice between these consequences. *Cf. Cantu v. State,* 738 S.W.2d 249, 256 (Tex.Cr.App.1987) (putting defendant to hard choice of whether to testify or not does not violate his due process rights).

■ We note initially that criminal defendants have no due process right to an appeal. *Rosales v. State,* 748 S.W.2d 451, 454 (Tex.Cr.App.1987), citing *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The only right that the federal constitution confers to criminal defendants in the context of an appeal is that, if a state provides an appeal by statute, it must provide access to the appellate courts in a way that does not violate the Equal Protection Clause of the Fourteenth Amendment. *Id.* Appellant does not allege how her waiver of a sufficiency review and all trial error under

*DeGarmo* and *McGlothlin* violates the principle of equal access. Nor does appellant challenge the holdings of *DeGarmo* and *McGlothlin* themselves, and *stare decisis* compels us to assume that those decisions are valid.

■ Similarly, it is far from certain that the possibility of a perjury prosecution violates the Constitution. A defendant's right to take the stand at the guilt phase of trial and testify in his own behalf does not insulate him from being prosecuted for perjury if he lies in some material way while on the stand. We know of nothing in the Constitution to prevent such a prosecution. A defendant deciding whether to take the stand at the punishment phase of trial is simply confronted with more momentous consequences than the vague threat of a perjury prosecution. Indeed, if a defendant gives testimony at punishment which is inconsistent with testimony given at the guilt phase of the same trial, he has provided the State with evidence constituting a prima facie case of aggravated perjury against the defendant. See V.T.C.A. Penal Code §§ 37.03 and 37.06.

■ Appellant wants to be able to avoid such a prosecution, yet she also wants to be able to seek leniency from the jury by "coming clean." However, the privilege to testify in one's own defense "cannot be construed to include the right to commit perjury." *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971). That she will potentially have to answer perjury charges if she testifies at punishment and admits her guilt does not clearly violate due process or her right against self-incrimination. This predicament is arguably nothing more than the logical (and constitutional) result of a series of choices in her defense.[3]

### C.

Appellant instead elected to continue in protesting her innocence at the punishment phase. The prosecutor cross-examined appellant and made a reasonable argument based on the answers he elicited from her.

---

3. There is one way appellant can avoid her conundrum, *viz:* she can invoke her Fifth Amendment right not to testify.

Appellant was subject to the same rules governing cross-examination as any other witness. She was therefore open to impeachment on all relevant issues, a factor which undoubtedly made the decision to take the stand a difficult one. But we are inclined to agree with the State that "[n]o constitutional violation is presented by ... a difficult decision for a defendant." Brief for State at 13. To take the stand and maintain her innocence in light of the probability that the jury will see her as unrepentant or even defiant was a voluntary tactical decision by appellant and her counsel.[4] The fallout of this choice seems to us no different than that attendant to a defendant's decision whether or not to take the stand at guilt-innocence and be subject there to the broad array of potentially impeaching sources. That is to say, they are most likely just factors which should inform a proper, well-founded trial strategy.

### III.

■ But we need not reach the merits of the substantive claim. Even if we resolved that issue in her favor, appellant would still not have established ineffective assistance of counsel. Appellant's claim of ineffective assistance of counsel would fail even were we to announce for the first time today that the

prosecutor's questions and argument at the punishment hearing did in fact violate her due process rights. As the court of appeals noted, "[a]ppellant has cited no Texas authority ... that supports her contention that the State's question and argument were harmful error." *Vaughn*, 888 S.W.2d at 74. She cites Fifth Circuit caselaw, but no controlling precedent.[5] An ineffective assistance of counsel claim cannot be based on an alleged error of counsel when the caselaw evaluating counsel's actions and decisions in that instance was nonexistent or not definitive. The most that can be said about the state of the caselaw as to appellant's underlying claim is that it was unclear, if not silent altogether. As a result, "... a ruling on appellant's hypothetical objection [would be] extremely uncertain." *Vaughn*, 888 S.W.2d at 74.

Given the indefinite state of the caselaw, we cannot fault the court of appeals for concluding that appellant's trial counsel was not ineffective for failing to object to the prosecutor's questions and argument at punishment about appellant's willingness to admit her guilt. Moreover, the State's questions and arguments were not so manifestly in error as to compel the court of appeals to find ineffective assistance of counsel despite

---

4. That our jury system may result in the conviction of innocent persons is not a factor in our consideration of appellant's claim. The jury verdict is the most accurate result under our system. Though we can never know the absolute truth, we must have confidence in and accept the jury verdict as the best possible answer and as the truth in contemplation of the law. We must defer to and afford finality to jury verdicts. We decline to question the jury's verdict if the procedure resulting in that verdict was within constitutional bounds and did not otherwise violate law. Thus, the possibility of convicting actually innocent people does not make appellant's quandary at punishment a violation of due process. Cf. *Franklin v. Lynaugh*, 487 U.S. 164, 174, 108 S.Ct. 2320, 2327, 101 L.Ed.2d 155 (1988) (no constitutional right to have jurors' residual doubts about defendant's guilt considered as mitigating factor at punishment of capital trial).

To the extent that appellant's argument may be based on the idea that no conviction is final until all appeals are exhausted and that hence an admission of guilt should not waive any of her statutory appellate rights, her dispute is with *DeGarmo* and *McGlothlin*. See *Thomas v. United States*, 368 F.2d 941, 945 (5th Cir.1966).

5. Cf. *Thomas v. United States*, 368 F.2d 941, 945 (5th Cir.1966); *Bertrand v. United States*, 467 F.2d 901, 902 (5th Cir.1972); *United States v. Rodriguez*, 498 F.2d 302, 312 (5th Cir.1974); *United States v. Laca*, 499 F.2d 922, 927 (5th Cir.1974); *United States v. Wright*, 533 F.2d 214, 216 (5th Cir.1976).

Fifth Circuit caselaw is persuasive authority, but it is not binding on this Court. *Stewart v. State*, 686 S.W.2d 118, 121 (Tex.Cr.App.1984); *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App. 1972). In any event, the instant case is distinguishable from the cited caselaw in various ways that appellant does not discuss. First, the trial court was the sentencer in the cases relied on by appellant. Second, those cases do not clearly indicate whether the defendants took the stand and claimed their innocence at the guilt phase. Finally, the defendants in the federal cases had no choice but to appear before the judge in the informal sentencing proceeding then used in federal prosecutions. Whether these distinctions make a difference is a question we need not now decide; suffice it to say that they underscore the indefinite nature of the caselaw touching on appellant's claim.

the absence of caselaw supporting appellant's claim. Accordingly, we affirm the judgment of the court of appeals.

MALONEY, J., concurs.

MEYERS, Judge, concurring.

I agree that appellant was afforded reasonably effective assistance of counsel in this case according to the applicable standard. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim. App.1980). But I do not agree that the failure of a defense attorney to interpose novel or debatable objections at trial can never fall below the threshold level of reasonable representation to which every person on trial for his life or liberty is entitled. Accordingly, I cannot join the opinion of the Court.

Appellant faced a difficult choice at the penalty phase of her trial in this case. Having earlier testified to facts which, if true, would have acquitted her, and knowing that the jury did not believe her testimony, she must have regarded all her available options as equally unattractive. On the one hand, to repeat the same story she gave during the adjudication phase of trial would undoubtedly have made her seem unrepentant to the jury. Yet to confess her guilt after earlier denying it under oath would surely have opened her to a perjury prosecution. Of course, she could have declined to testify altogether. But, by offering no personal testimony at all in mitigation of her punishment, she might well have lost her best chance at lenity from the jury.

Given these choices, it is little wonder that she now wishes there had been others, particularly that she could have testified at the punishment phase without being subjected to any further inquiry regarding her culpability for the charged crime. To achieve this end, it is conceivable that she might have prospectively claimed a privilege against self-incrimination before taking the stand. But such a maneuver would have been awkward at best, and probably counterproductive in any event. Given the circumstances of this case, therefore, I cannot say that the decision to maintain her innocence even at the punishment phase of trial rather than to refuse further comment on self-incrimination grounds was a necessarily implausible trial strategy. *See Hathorn v. State,* 848 S.W.2d 101, 120 (Tex. Crim.App.1992), *cert. denied* 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744; *Johnson v. State,* 614 S.W.2d 148 (Tex.Crim.App.1981)(panel opinion). To this extent, at least, I agree with the Court's disposition.

What disturbs me, however, is the Court's holding of apparently general application that "[a]n ineffective assistance of counsel claim cannot be based on alleged error of counsel when the case law evaluating counsel's actions and decisions in that instance was nonexistent or not definitive." Op. at 568. Read in context of the Court's opinion as a whole, this proposition is evidently meant to foreclose any successful challenge to the trial effectiveness of counsel upon the basis of his omission to act whenever the law arguably supporting such action is "unclear" or "less-than-well-settled." Op. at 566, 568.

In support of this extreme position, the Court cites only *Ex parte Davis,* 866 S.W.2d 234, 241 (Tex.Crim.App.1993), in which we held that a defense attorney was not ineffective merely because he chose not to object when the prosecutor argued during the punishment phase of a capital murder trial that the terms "intentional" and "deliberate" mean the same thing. That argument, although later held by this Court to be objectionable, was a plausible interpretation of the law at the time it was made. Indeed, the defense attorney in that case himself urged the jury to accept, without objection from the prosecutor, a different, but equally plausible, interpretation of the word "deliberate," which was also subsequently held by this Court to be objectionable. We observed that both arguments were "certainly within the realm of objective reasonableness" and that to hold otherwise merely on the basis subsequent developments in the case law would be to judge counsel by hindsight, a method expressly disapproved by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065–2066, 80 L.Ed.2d 674 (1984). *Davis,* 866 S.W.2d at 241.

In my view, *Davis* does not stand for any general proposition of law concerning the duty of an attorney representing a criminal defendant to make novel or debatable objections in defense of his client. As I understand our rationale in that case, it was not because a defense attorney need never anticipate or contend for change or progress in the decisional law that we considered counsel's performance to be adequate, but rather because a defense attorney's performance at trial must be judged by contemporary conditions, including the condition of contemporary jurisprudence, not by subsequent developments in the case law.

By this reckoning, the instant cause comes to us in a significantly different posture than did *Davis*. In this case there have been no important developments in the law affecting the likelihood that a novel or controversial objection such as the one appellant thinks her counsel should have made at trial would be sustained. Accordingly, she is not contending that his performance should be judged with the improved hindsight of lawyers from the future. Rather, she claims only that, had he made the objection she now thinks he should have made, he would have been entitled to the requested relief under existing law.

Unlike the Court, I am inclined to think that there are some instances in which competent defense attorneys do not meet their constitutionally obligation to render effective assistance of counsel unless they raise objections or pursue other strategies concerning which the law is not entirely well-settled. Without elaborating this view at length, it seems likely to me that such an obligation exists under circumstances where the objection or other strategy is widely discussed and often attempted throughout the legal community in which the attorney practices, is clearly advantageous to the defendant or is the most promising defensive strategy available, and has few or no significant disadvantages for the defendant. While I agree with the Court that we need not decide whether the objection appellant thinks her trial attorney should have made in this case was of such a kind, I would decline to decide it only because the record does not persuasively demonstrate that his failure to object could not have been the product of a plausible trial strategy. I would not go on, as the Court does, to adopt the dubious and unnecessary proposition that competent trial lawyers never have a constitutional obligation to make objections, assert rights, or pursue strategies which are less than well-settled.

For these reasons, I concur in the judgment of the Court only.

BAIRD, Judge, dissenting.

Believing trial counsel was ineffective in failing to object to the State's manifestly improper closing argument at the punishment phase of trial, I respectfully dissent.

### I.

### A.

Appellant testified at the guilt/innocence phase and admitted assaulting the complainant, but contended she was justified in using force to protect herself or another against the complainant's use or attempted use of unlawful force. *See*, Tex. Penal Code Ann. §§ 9.31 and 9.33. The jury rejected appellant's self-defense/defense of third person defense and returned a verdict of guilty.

At the punishment phase, appellant again testified and on cross-examination by the State the following exchange occurred:

Q: Ms. Vaughn, do you accept the jury's verdict?

A: Yes, I have to.

Q: During the trial, you denied what took place and what the jury found to be true. And do you now admit to the members of the jury that that took place?

A: No. What I told the jury was the absolute truth, what I believe was the truth, what happened was the absolute truth.

During its jury argument at the punishment phase of trial, the State argued:

You know, ladies and gentlemen, one of the first things a person has to do when they want to rehabilitate is to admit their crime. Admit what they did. Admit the injustice and the harm they caused to an-

other. *But we didn't hear that up here today. They have not admitted to anything.* They are not admitting to what you found them guilty of. That's the first step anybody has to take in rehabilitation. They haven't done it. *A possible reason could be for them to do it, they would have to get on the stand and admit to you that they lied to us.* But the thing is they are not admitting it and that is the first step to rehabilitation.[1]

### B.

On direct appeal, appellant contended the above questioning and argument were objectionable and that her trial attorney's failure to object rose to the level of ineffective assistance of counsel. The Court of Appeals affirmed:

In order for trial counsel's failure to object to the State's question and argument to have been ineffective assistance, appellant must demonstrate that if he had objected, the trial judge would have committed error in refusing to sustain his objection. Appellant cannot meet that burden. We believe that the questions themselves were proper and represent no more than the usual risk a defendant assumes when he or she takes the stand to testify. At most, any error would have been improper jury argument by the State.

We cannot say that the trial judge would have committed error had he overruled an objection to the State's remarks on closing. There is no definitive precedent that controls; indeed the lack of precedent ... makes a ruling on appellant's hypothetical objection extremely uncertain.

*Vaughn v. State,* 888 S.W.2d 62, 74 (Tex. App.—Houston [1st Dist.] 1994). Chief Justice Oliver–Parrott dissented, believing a defendant should not be punished for exercising the constitutional right to stand trial rather than plead guilty. *Id.,* 888 S.W.2d at 77.

Today, a majority of this Court accepts the premise of Chief Justice Oliver–Parrott, but nevertheless holds:

... Though an admission of her guilt at punishment would amount to aggravated perjury, and a waiver of her appellate rights, it is unclear that there is anything unconstitutional about putting appellant to a choice between these consequences.

*Ante* at 567. For the following reasons, I disagree.

### II.

The standard for determining ineffective assistance of counsel at the punishment phase of a non-capital trial was established in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App. 1980). Under this standard the test for effectiveness of counsel is, first, whether counsel was reasonably likely to render effective assistance and, second, whether counsel reasonably rendered effective assistance. *Craig v. State,* 825 S.W.2d 128, 129 (Tex.Cr.App. 1992). In the instant case the threshold issue is whether the State's argument was objectionable. If the argument was proper counsel was not ineffective for failing to lodge an objection and our inquiry is complete.

There are four categories of permissible jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Cr.App.1980); *and, Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App. 1973). The instant argument does not fit into any of the four areas of permissible argument. *Wages v. State,* 703 S.W.2d 736, 740–741 (Tex.App.—Houston [14th Dist.] 1985). Consequently, the argument was improper and was, therefore, objectionable.

The second issue is whether in failing to object, trial counsel reasonably rendered effective assistance. The Sixth Amendment guarantees to everyone many valuable rights including the right to a trial to determine the question of guilt. These rights are further enumerated and defined in our Code of Criminal Procedure which sets forth in great detail the manner in which a trial shall be conducted. All persons are presumed to be innocent. Tex. Code Crim. Proc. Ann. art.

---

1. All emphasis is supplied unless otherwise indicated.

38.03. A plea of guilty is a denial of every material allegation in the indictment, Tex. Code Crim. Proc. Ann. art. 27.17, and upon such a plea, the State bears the burden of proving the defendant's guilt beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *and,* art. 38.03. During trial, a defendant may contend that the complained of conduct was justified. Tex. Penal Code Ann. § 9.02. Conduct that is justified establishes a defense to the prosecution. When the evidence raises such a defense, the trial judge shall instruct the jury that the State bears the burden of proving beyond a reasonable doubt that the defendant's conduct was not justified. *See,* Tex. Code Crim. Proc. Ann. art. 36.14. The right to contest one's guilt is the most valuable right within our criminal justice system. There are no summary determinations of guilt; even in the face of a plea of guilty, the State must still offer evidence of guilt. Tex. Code Crim. Proc. Ann. art. 1.15.

Having said this, it necessarily follows that a defendant may not be punished for invoking the constitutional and statutory rights associated with trial. And, it is manifestly improper for the State to argue that any defendant should be punished for invoking those rights. *See, Cunningham v. Zant,* 928 F.2d 1006, 1020 (11th Cir.1991) (Improper argument to suggest defendant was not entitled to rights guaranteed by the Sixth Amendment.). Several cases are illustrative of this point. In *Lopez v. State,* 500 S.W.2d 844, 845 (Tex.Cr.App.1973), this Court found reversible error was committed when the prosecutor argued the defendants had lied when they entered pleas of not guilty. *See also, Anderson v. State,* 525 S.W.2d 20 (Tex. Cr.App.1975). In *Perkins v. State,* 630 S.W.2d 298, 302–303 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd), the Court found reversible error when the prosecutor argued the defendant's plea of "not true" to the

enhancement paragraph was "a lie." The plea was proper to require the State to meet its burden of proof to enhance the range of punishment. In *Wages,* 703 S.W.2d 736 (Tex. App.—Houston [14th Dist.] 1985), the State argued the jury had been summoned to service because the defendant insisted on her right to a jury trial.[2] The Court concluded the argument was improper. *Id.,* 703 S.W.2d at 741.[3] *See also, Perdue v. Com.,* 916 S.W.2d 148, 163–64 (Ky.1995) (Improper in closing argument to refer to the "time and trouble" occasioned by a plea of not guilty and resulting trial.). Similarly, the State may not, in argument, comment on the defendant's failure to testify. To allow such a comment would permit the jury to punish the defendant for invoking his constitutional and statutory right to remain silent. U.S. Const. amend. V; Tex. Const. art. I; § 10; *and,* Tex. Code Crim. Proc. Ann. art. 38.08.

In the instant case, the State asked the jury to punish appellant for persisting in her belief in her defense which had been rejected by the jury. Appellant had every right to raise that defense and to continue to believe in it regardless of the jury's verdict. In *Overstreet v. State,* 470 S.W.2d 653 (Tex.Cr. App.1971), the defendant testified at the punishment phase of her trial and indicated that she did not agree with the jury's verdict. The State later argued that the defendant could not be rehabilitated because she had not confessed her guilt. We condemned the argument, noting:

> A defendant in a criminal case under our laws has the right to enter a plea of not guilty and to file a motion for probation, and the fact that he has exercised those rights should not be utilized against him.

*Id.,* 470 S.W.2d at 655.

Similarly, the Fifth Circuit has held a defendant may not be placed in such a situa-

---

**2.** The State argued:

> STATE: Ladies and gentlemen, what you've just heard from the defense lawyer amounts to a sympathy plea. Don't let the defendant in this case or her attorney put the monkey on your back. You didn't ask to spend four days down here at the courthouse this week. You didn't get a subpoena to come down and be a juror. I didn't ask to be here. The judge

didn't ask to be here. *[The defendant] has brought us all here today and for the last four days.*

*Wages,* 703 S.W.2d at 740–741.

**3.** The Court of Appeals concluded the error was cured when the trial judge sustained the defendant's objection and instructed the jury to disregard the State's closing argument. *Ibid.*

tion. In *Thomas v. United States*, 368 F.2d 941 (5th Cir.1966), the trial judge asked the defendant, who pled not guilty at trial, to recant his plea and admit his guilt before sentencing. The trial judge stated: "If you will come clean and make a clean breast of this thing for once and for all, the Court will take that into account in the length of sentence to be imposed." *Thomas*, 368 F.2d at 944. The defendant continued to profess his innocence and the trial judge imposed the maximum sentence.[4] The Fifth Circuit reversed:

> Our part in the administration of federal justice requires that we reject the theory that a person may be punished because in good faith he defends himself when charged with a crime, even though his effort proves unsuccessful. It is evident that the punishment imposed by the district court on the defendant was in part for the fact that he had availed himself of his right to a trial, and only in part for the crime for which he was indicted.

*Thomas*, 368 F.2d at 944 (quoting, *Wiley*, 278 F.2d at 504). Additionally, the Court stated:

> No matter how heinous the offense charged, how overwhelming the proof of guilt may appear, or how hopeless the defense, a defendant's right to continue with his trial may not be violated. His constitutional right to require the Government to proceed to a conclusion of the trial and to establish guilt by independent evidence should not be exercised under the shadow of a penalty—that if he persists in the assertion of his right and is found guilty, he faces, in view of the Trial Court's announced intention, a maximum sentence, and if he pleads guilty, there is the prospect of a substantially reduced term. *To impose upon a defendant such alternative amounts to coercion as a matter of law.*

*Thomas*, 368 F.2d at 945 (quoting, *United States v. Tateo*, 214 F.Supp. 560, 567 (S.D.N.Y.1963) ). Thus, the Fifth Circuit held a trial judge may not induce a defendant, who has been found guilty following a trial by jury, to confess his or her guilt prior to the imposition of sentence. *See also, United States v. Wright*, 533 F.2d 214, 216 (5th Cir.1976); *United States v. Rogers*, 504 F.2d 1079 (5th Cir.1974); *United States v. Laca*, 499 F.2d 922 (5th Cir.1974); *United States v. Rodriguez*, 498 F.2d 302 (5th Cir. 1974); *Bertrand v. United States*, 467 F.2d 901 (5th Cir.1972). *See also, United States v. Wiley*, 278 F.2d 500 (7th Cir.1960).

In light of the decisional authority from this Court, the Court of Appeals and the Fifth Circuit, the State's argument was manifestly improper. Accordingly, if trial counsel had objected, the trial judge would have committed error in overruling the objection. Therefore, trial counsel did not render reasonably effective assistance when he failed to object. Furthermore, appellant was prejudiced by the argument because the punishment assessed was toward the upper end of the punishment range.[5] *See, Moore v. State*, 530 S.W.2d 536 (Tex.Cr.App.1975).

Accordingly, I would reverse the judgment of the Court of Appeals and remand the case to the trial court for a new punishment hearing. Because the majority fails to do so, I respectfully dissent.

OVERSTREET, J., joins this opinion.

---

**4.** The Fifth Circuit has held the sentence imposed did not have to be the maximum statutory term for a defendant's Fifth Amendment rights to be violated. *Wright*, 533 F.2d at 216. The Fifth Amendment was violated when the sentencing authority considered the defendant's refusal to confess after a not guilty plea. *See, e.g., Laca*, 499 F.2d at 927; *Thomas*, 368 F.2d at 945; *Williams v. United States*, 273 F.2d 469 (10th Cir.1959). "[T]he fact that the maximum statutory term was not imposed is not dispositive of the issue" of a Constitutional violation. *Wright*,

533 F.2d at 216. If the record *suggests the possibility* that the sentencing authority may actually have taken a defendant's refusal to cooperate into account in sentencing, "then the sentence should be vacated and a new sentence imposed without consideration of this refusal." *Rogers*, 504 F.2d at 1085.

**5.** *Appellant was sentenced to six years confinement, probated, and a fine of $5,000.00.*