NO. 07-00-0472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 6, 2001

______________________________

HERIBERTO RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13,736-0005; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

CONCURRING OPINION

I concur with the decision that the judgment be reversed, but focus my decision on the provisions of article I, section 3a of the Texas Constitution entitled “Equality under the law,” which provides:

Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin.  This amendment is self-operative.

During the guilt-innocense phase of the trial, the prosecutor elicited testimony from the arresting officer and another witness which, although irrelevant to the charged offense, informed the jury that appellant was an illegal alien and had returned to Texas from Mexico after a prior deportation.  However, defense counsel did not object to the evidence regarding appellant’s status as an illegal alien, request that the jury be instructed to disregard such evidence, or move for mistrial.   

In order to sustain a contention that trial counsel’s failure to object to evidence constitutes ineffective assistance of counsel, an appellant must show that the trial court would have committed error in overruling such an objection.  Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996).  Based upon the record in this case, because the constitutional provision is effective without enabling legislation and section 3a would have required the trial court to sustain an objection to the evidence that appellant was an illegal alien had trial counsel made such objection, I also conclude that appellant’s first issue should be sustained. 

Don H. Reavis

    Justice

Publish.