11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

John Brandon Reconnu

Appellant

Vs.                   No.
11-02-00100-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
found John Brandon Reconnu guilty of murder and assessed his punishment at
imprisonment for life.  Appellant
appeals.  We affirm.

The
sufficiency of the evidence is not challenged. 
The jury rejected appellant=s self-defense claim.

In his
sole point of error, appellant contends that trial counsel was ineffective for
failing to object to the prosecutor=s final argument at the penalty phase regarding appellant=s lack of remorse.

The right
to effective assistance of counsel is guaranteed under U.S. CONST. amend
VI.  The Court in Strickland v.
Washington, 466 U.S. 668 (1984), adopted a two-pronged analysis for determining
ineffective assistance of counsel: (1) whether counsel=s conduct was deficient and (2) whether, but
for counsel=s deficient performance, the result of the
proceeding would have been different. 
See Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  The Sixth Amendment does not guarantee the
right to errorless counsel or counsel whose competency is judged by hindsight.  Stafford v. State, 813 S.W.2d 503, 506
(Tex.Cr.App.1991).  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813
(Tex.Cr.App.1999).  There is a strong
presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance.  Thompson v. State, supra.

Appellant
testified at both the guilt/innocence phase and the punishment phase of the
trial that he shot the victim in self-defense. 
The record reflects the following questions by the prosecutor and
answers by appellant during the punishment phase:

Q: Are you
going to finally tell the jury the truth, that you went out to get that gun
because you were looking to hurt somebody?








 

A: No,
sir, I wasn=t looking to hurt nobody.

 

Q: When
you came around the club, you never saw Jennifer get hit twice?

 

A: I seen
her get pushed and slide and fall, yes.

 

Q: So you=re going to stick to the same story you told
in guilt/innocence, correct?

 

A: Yes,
sir.

 

Q: So you
actually disagree with their verdict? 
You still think it was self-defense, right?

 

A: Yes,
sir.

 

It is
proper jury argument for counsel to answer the argument of opposing
counsel.  Wesbrook v. State, 29 S.W.3d
103 (Tex.Cr.App.2000), cert. den=d, 532 U.S. 944 (2001).  The
record reflects the following final arguments of counsel at the close of the
punishment phase of trial:

[DEFENSE
COUNSEL]:  I see in this courtroom true
sadness today.  I see true sadness in
the good people in those two rows right there and I see true sadness in those
people in those two rows right there. 
And I saw what I believe was genuine remorse come from the defendant up
on the stand.  He was brutally honest
with you folks today.

 

                                                            *   *  
*

 

[PROSECUTOR]:  And there is a huge difference between
remorse and feeling sorry for yourself or sorry you got caught or sorry you got
convicted.  That wasn=t true remorse.  True remorse would have been in the guilt/innocence phase of this
trial when he testified he would have said I=m going to tell you the truth, I will take responsibility for what I
did.  He never pulled a gun on me.  I shot him first.  That is remorse, and you didn=t hear that from him.  He is
sticking to his story.  He doesn=t like your verdict.  He thinks you=re wrong.

 

Appellant=s counsel argued before the jury that he
believed appellant was remorseful and honest when he testified.  It was proper for the State to answer that
argument during the State=s closing argument.  








Appellant
also cites Vaughn v. State, 931 S.W.2d 564 (Tex.Cr.App.1996), and argues that
appellant=s trial counsel was ineffective in failing to
object to the prosecutor=s argument that appellant showed no remorse because he was Asticking to his story” that he was not guilty
because of self-defense.  The court in Vaughn
recognized that a defendant who takes the stand at the guilt/innocence phase
and denies committing the offense is faced with a difficult decision as to
taking the witness stand again at punishment. 
The court stated:

But we are inclined to agree with the State
that A[n]o constitutional violation is presented
by...a difficult decision for a defendant.” 
Brief for State at 13.  To take
the stand and maintain her innocence in light of the probability that the jury
will see her as unrepentant or even defiant was a voluntary tactical decision
by appellant and her counsel.  The
fallout of this choice seems to us no different than that attendant to a
defendant=s decision whether or not to take the stand
at guilt-innocence and be subject there to the broad array of potentially
impeaching sources.  That is to say,
they are most likely just factors which should inform a proper, well-founded
trial strategy.  (Footnote omitted)

 

Vaughn v. State, supra at
568.

Appellant=s trial counsel did not provide ineffective
assistance of counsel.  Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

July 24, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.