NO. 07-05-0016-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 17, 2006



______________________________


 

PAUL OCHOA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 03-09-5599; HONORABLE HAROLD PHELAN, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Paul Ochoa, appeals his conviction for murder. We affirm.

Background

 In September 2003, appellant and others were loitering outside a trailer home in
Levelland, Texas when the victim's brother, Jerry Gonzales, went by in a vehicle. As he
passed, Jerry offended appellant by shouting out the name of a local gang, "Westside." 
Later that evening, Jerry walked up to the group to visit with them and learned that
appellant was upset with his earlier actions. Appellant took Jerry aside, spoke with him,
and then began to assault him. When Jerry's friend, David Jaramillo, saw Jerry being
assaulted he left to notify the victim, Martin Gonzales, of the assault. By the time Gonzales
arrived at the scene, Jerry had been led to his father's home by two other friends. 
However, Gonzales and an associate still sought to confront Jerry's assailant and began
calling out to the group in general to fight him. Gonzales's challenge caused several
members of the group to run toward Gonzales and his associate. While Gonzales's
associate escaped, Gonzales stayed and fought with Chris Viernes and appellant. In the
end, Gonzales suffered 29 stab wounds and died at the scene. Appellant was charged with
murder.

 During a pretrial hearing, the State requested that a child witness be allowed to
testify via closed circuit television. Appellant objected to the State's request, stating that
he believed that allowing a witness to testify in a manner other than in-court violated his
constitutional rights to confront and cross-examine the State's witness. The trial court
granted the State's motion and ruled that the child witness would be allowed to testify by
closed circuit TV during the trial. 

 At trial, eyewitnesses testified that appellant fought with Gonzales and that appellant
had to be forcibly removed from the altercation. Although the testimony agrees that
appellant hit Gonzales with his hands, none of the eyewitnesses, except the child and
Viernes, testified to seeing appellant with a knife or seeing appellant stab Gonzales. The
child testified via closed circuit TV to seeing the assault on Gonzales from the trailer home
and that he saw appellant stab Gonzales. However, upon cross examination, the child
admitted that he was unsure of the identity of Gonzales's assailant and that his testimony
was largely based on other eyewitnesses' versions of the assault. Viernes testified that he
did assault Gonzales and admitted stabbing him, however, he further testified that appellant
also stabbed Gonzales. A pathologist testified that several of the stab wounds were
potentially fatal wounds, and that Gonzales died as a result of bleeding from the wounds. 
The jury returned a guilty verdict and sentenced appellant to 40 years incarceration in the
Institutional Division of the Texas Department of Criminal Justice.

 Appellant presents two issues. Appellant contends that the evidence is factually
insufficient to support the conviction. Second, appellant contends the trial court erred in
allowing closed circuit testimony of a witness instead of live, in-court testimony. We affirm.

Issue One: Factual Sufficiency


 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). While we review the evidence
in a neutral light, we must give appropriate deference to the jury's evaluation of the
evidence, resolution of any inconsistencies, and determination of the evidence's weight and
value. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We are not allowed
to substitute our judgment for that of the jury unless the verdict is clearly wrong and
manifestly unjust. See Zuniga, 144 S.W.3d at 481-82. In a factual sufficiency review, the
court of appeals is required to consider the most important evidence that the appellant
claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.
2003).

 In the present case, appellant contends that a conspiracy of the witnesses resulted
in the testimony identifying him as Gonzales's murderer. All of the State's eyewitnesses
placed appellant at the scene of the crime. Further, substantial testimony revealed that
appellant had severely beaten up Gonzales's brother, and had fought with Gonzales that
evening. Testimony of Charlie Corpus, Michael Padilla, LaToya Sainz, Viernes, and the
child all place appellant over Gonzales swinging at him. Additionally, Sainz described
appellant's movements against Gonzales as a "stabbing motion." Finally, Viernes
described stabbing Gonzales twice and then handing the knife to appellant who proceeded
to stab Gonzales numerous times. Appellant claims that none of the testimony is credible
because of the witnesses' past convictions and self-serving nature. However, neither the
child nor Sainz were shown to have been previously convicted, or in jeopardy of being
charged in the present case. Thus, appellant's challenge to the credibility of witnesses with
prior convictions does not apply to either Sainz or the child. A review of the testimony
reveals that, although the eyewitnesses' testimony varied about the events surrounding the
murder, the jury had sufficient evidence to reach the conclusion that appellant was guilty
of murder beyond a reasonable doubt. Therefore, we will not second guess the jury's
evaluation of the evidence. See Johnson, 23 S.W.3d at 8. 

 Additionally, appellant contends that Viernes's testimony is not credible because he
only implicated appellant in order to fulfill the requirements of a plea agreement. However,
a review of the record does not reveal any evidence that Viernes was required to implicate
appellant per any plea agreement. Viernes testified that he pled guilty to avoid a trial, to
take responsibility for his actions, and to assist the State because the knives used in the
assault could not be found. Although appellant's trial counsel tried to get Viernes to admit
during cross examination that the State required him to implicate appellant as part of a plea
agreement, Viernes steadfastly denied such a requirement to the plea agreement. 
Appellant has failed to provide any support or citation to the record to support his allegation. 
See Tex. R. App. P. 38.1(h). Therefore, after considering all of the evidence in a neutral
light, including the evidence that appellant believes undermines the jury's verdict, we
conclude the jury was rationally justified in finding defendant guilty beyond a reasonable
doubt. We overrule appellant's first issue. 

Issue Two: Testimony of a child who is a victim of an offense

 On appeal, appellant concedes that the court had the authority to allow the child to
testify via closed circuit TV pursuant to Texas Code of Criminal Procedure article 38.071,
but appellant contends the trial court erred by not following the prerequisites of the statute. 
See Tex. Code Crim. Proc. art. 38.071 (Vernon 2005). (1) Specifically, appellant contends
that since identity was contested, once the court determined the testimony admissible, the
child was required to make an in-person identification either at a hearing prior to trial or
during the trial proceedings. Art. 38.071 § 9. The State counters that the child's testimony
did not raise or contest identity and thus did not trigger the in-person identification
requirement of article 38.071, section 9 of the Texas Code of Criminal Procedure. 

 At trial, appellant's objection was that the statutory provision itself was
unconstitutional because it violated appellant's rights to confrontation and cross-examination of the State's witnesses. Yet on appeal, appellant is contesting the trial court's
application of article 38.071 rather than the constitutionality of the statute. In order to
properly present an issue for appeal, appellant's objection at trial must comport with the
issue raised on appeal. Broxton v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). 
Assuming without deciding that appellant is correct in his contention that the trial court
erred in the application of the in-person identification requirement of article 38.071,
appellant was required to preserve the issue by objection at trial or else waive the issue. 
Id. Since appellant did not object at trial to the lack of in-person identification in
compliance with article 38.071, appellant presents nothing for our review. 

Conclusion

 Finding no reversible error, we affirm. 


 Mackey K. Hancock

 Justice



Do not publish. 
1. Further reference to the Texas Code of Criminal Procedure will be by reference to
"Art. __" or "art. __."



. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). And, because the record does not
evidence trial counsel's reasons for failing to lodge the objections, a conclusion as to those
reasons would require speculation on our part - an exercise in which we decline to engage. 
The allegations of ineffectiveness for failure to object during trial are not supported by the
record. See Bone, 77 S.W.3d at 836-37. 

 A sixth instance complained of is trial counsel's failure to interview Lori Smith. But,
appellant points to no evidence in the record to substantiate his allegation that trial counsel
failed to interview Smith. Nor does he point to any record evidence that an interview with
Smith would have yielded any information which would have benefitted appellant's case. 
Without such record evidence ineffectiveness of counsel is not proved. See McFarland,
928 S.W.2d at 500. 

 The last of the instances posited as ineffective assistance are trial counsel's failures
to request an instructed verdict and an instruction limiting the jury to considering the search
warrant and Smith's affidavit for purposes of determining probable cause. He does not cite
authority or present argument that an instructed verdict would have been granted. Nor
does he assert how a limiting instruction as to the search warrant and Smith's affidavit
would have resulted in a different result in his trial. See id.; Hernandez, 726 S.W.2d at 55.

 Appellant has not proved either deficient performance or sufficient prejudice to
warrant reversal on his ineffective assistance claim. Nor does his urging ineffective
assistance because of the "multitude of deficiencies" warrant reversal. A vague,
inarticulate sense and allegation that counsel could have provided a better defense is not
a legal basis for finding counsel constitutionally ineffective. See Bone, 77 S.W.3d at 836.
Issue three is overruled. 

CONCLUSION

 Having overruled appellant's three issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Chief Justice





Do not publish. 










1. Because of our disposition of the issue, we do not offer any opinion on whether
appellant's objection was sufficient to preserve error. See Tex. R. App. P. 33.1(a); Tex. R.
Evid. 103(a)(1); Barnum v. State, 7 S.W.3d 782, 794 (Tex.App.-Amarillo 1999, pet.
refused). Further reference to a Rule of Appellate Procedure will be by reference to
"TRAP___"; a Rule of Evidence will be referred to as "TRE___."