11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Nathaniel Berry Cruise

Appellant

Vs.                   No.
11-01-00332-CR -- Appeal from Dallas County

State of Texas

Appellee

 

The jury convicted appellant of indecency with a
child.   Upon appellant=s plea of true to two
enhancement paragraphs, the jury assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of 35 years.  Appellant brings two
points of error on appeal.  We affirm.

In deciding whether the evidence is factually
sufficient to support the conviction, we review all of the evidence in a
neutral light favoring neither party to determine if the verdict is clearly
wrong and manifestly unjust or against the great weight of the evidence.  Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).  We review the fact finder=s weighing of the evidence,
and we cannot substitute our judgment for that of the fact finder.  Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997);
Clewis v. State, supra.  Due deference
must be given to the fact finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, supra;
Jones v. State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).








The victim testified that she was 13 years old
when the incident occurred on August 3, 2000. Her mother left for work early
that morning, leaving the victim and her younger sister home alone.  The victim=s
mother had the victim lock the front door of the house behind her.  The victim then went back to sleep in the
bed that she shared with her younger sister. 
The victim testified that someone tapped on her shoulder and made a
comment about the channel on the television. 
The victim was Adead
asleep@ at this
time.  She recalled feeling a hard pain
and awoke to find appellant squeezing one of her breasts and her buttocks.  The victim testified that appellant was
standing beside her bed fully naked and was making a noise while the incident
occurred.  She ran to the living room of
her house while appellant fled.   

When the victim=s
mother called the house immediately after the incident to check on the girls,
the victim told her mother what appellant had done.  Her mother came home accompanied by two police officers.  The victim and her mother testified that
appellant had helped move some of their furniture a few days before the
incident.  The victim had ridden in
appellant=s car while
appellant took the mother and her two children to get some chicken one
evening.  The mother=s work supervisor
identified appellant as the man who had picked up the mother from work on the
day the move occurred.  The victim also
identified appellant during a photo line-up.

The mother=s
workplace was only a few blocks away from her home.  Upon arriving home with the police, she saw appellant driving
away.  The police officers testified
that the mother did not report this observation to them.  The police questioned the victim but did not
go inside the house.  The mother found
male underwear beside the victim=s
bed and gave it to the police.  A DNA
expert testified that appellant=s
DNA profile matched the DNA profile found on the underwear. 

Appellant did not testify.  However, both his mother and his common-law wife
testified that he was at home the entire morning on the day the incident
occurred.  They further testified that
appellant=s car had
broken down on the night before and that it was inoperable until approximately
noon of that day.  Appellant=s friend testified that he
assisted appellant in repairing the car that morning. 

In attacking the factual sufficiency of the
evidence, appellant points to inconsistencies in the victim=s testimony regarding the
time of day that the incident occurred and the length of time between the
incident and when appellant assisted the mother with moving furniture.   Appellant also attacks alleged deficiencies
in the police investigation of the incident and argues that his alibi evidence outweighs
the evidence supporting the verdict.  








The jury was presented with conflicting testimony
regarding appellant=s
conduct and whereabouts on the day in question.  The fact that underwear containing a sample of matching DNA was
recovered from the scene is strong, objective evidence in support of the jury=s verdict.  On the other hand, appellant=s alibi evidence came from
family members and a friend.  The jury,
as the finder of fact, is the sole judge of the weight and credibility of the
witnesses=
testimony.  TEX. CODE CRIM. PRO. ANN.
arts. 36.13 & 38.04 (Vernon 1979 & 1981).  A decision is not clearly wrong and unjust merely because the
fact finder resolved conflicting evidence in favor of the State.  Cain v. State, supra at 408.  The evidence is factually sufficient to
support the verdict.  Appellant=s first point of error is
overruled.

Appellant alleges ineffective assistance of trial
counsel in his second point of error. 
To prevail on a claim of ineffective assistance of counsel, an appellant
must establish that his lawyer's performance fell below an objective standard
of reasonableness and that there is a "reasonable probability" the
result of the proceeding would have been different but for counsel's deficient
performance.  Strickland v. Washington,
466 U.S. 668, 693-94 (1984); see
Mallett v. State, 65 S.W.3d 59, 62-63 (Tex.Cr.App.2001).  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App.1986). The
purpose of this two-prong test is to judge whether counsel's conduct so
compromised the proper functioning of the adversarial process that the trial
cannot be said to have produced a reliable result.  Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.Cr.App.1999)(citing
McFarland v. State, 845 S.W.2d 824, 843 (Tex.Cr.App.1992), cert. den’d,
508 U.S. 963 (1993)).

The review of defense counsel's representation is
highly deferential and presumes that counsel's actions fell within a wide range
of reasonable professional assistance. 
Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App.2000), cert. den=d, 532 U.S. 1053
(2001).  When the record is silent on
the motivations underlying counsel's tactical decisions, appellant usually
cannot overcome the strong presumption that counsel's conduct was reasonable.
See Thompson v. State, supra at 813.  In order to defeat Strickland's
presumption of reasonable professional assistance, "any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness."  Thompson v. State, supra at 814 (quoting
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App.1996), cert. den=d,
519 U.S. 1119 (1997)).  In the majority
of cases, the record on direct appeal is undeveloped and cannot adequately
reflect the motives behind trial counsel's actions.  Thompson v. State, supra at 813-14.








Appellant cites two instances in the record
wherein he alleges that trial counsel failed to preserve error regarding
evidentiary objections.   Each instance
involved a situation where the trial court sustained trial counsel=s initial
hearsay objection to the admission of evidence without trial counsel pursuing
an additional adverse ruling by requesting an instruction to disregard and/or
seeking a mistrial.  Three steps are
necessary to preserve error as to an adverse trial court ruling regarding
evidence admitted or placed before the jury: 
a specific, timely objection; a request for an instruction to disregard;
and a motion for mistrial.  See Fuller
v. State, 827 S.W.2d 919, 926 (Tex.Cr.App.1992). To preserve error, the
specific objection must be pressed to the point of obtaining an adverse ruling,
whether that is a ruling on the objection, the request that the jury be
instructed to disregard the evidence, or the motion for mistrial. See Fuller v.
State, supra at 926.  

As was the case in Thompson, the record
before us is silent as to why appellant's trial counsel failed to request an
instruction to disregard or seek a mistrial. 
Appellant has, therefore, failed to rebut the presumption that his trial
counsel=s decisions were reasonable.  An
appellate court should be especially hesitant to declare counsel ineffective
based upon isolated alleged miscalculations occurring during what amounts to be
otherwise satisfactory representation, especially when the record provides no
discernible explanation of the motivation behind counsel's actions--whether
those actions were of strategic design or the result of negligent conduct.   Thompson v. State, supra at 814.  Moreover, it is not ineffective assistance when
an attorney does not preserve an error that is not reversible.  See Vaughn v. State, 888 S.W.2d 62, 74
(Tex.App. B Houston
[1st Dist.] 1994), aff=d,
931 S.W.2d 564 (Tex.Cr.App.1996).  
Generally, an instruction to disregard is sufficient to cure error when
inadmissible evidence is placed before the jury.  See Barney v. State, 698 S.W.2d 114, 125 (Tex.Cr.App.1985).  Appellant=s
second point of error is overruled.

The judgment of the trial court is affirmed.

 

TERRY McCALL

August
29, 2002                                                                       JUSTICE

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.