William A. McIntosh v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-409-CR
No. 10-01-410-CR
No. 10-01-411-CR
No. 10-01-412-CR
No. 10-01-413-CR
No. 10-01-414-CR
No. 10-01-415-CR
No. 10-01-416-CR
No. 10-01-417-CR
No. 10-01-418-CR

Â Â Â Â Â WILLIAM A. McINTOSH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR
20379CR, 20380CR, 20381CR, 20382CR, 20383CR and 20384CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â William A. McIntosh appeals from the trial courtâs denial of his motions for appointment of
trial counsel in a series of DNA proceedings under chapter 64 of the Code of Criminal Procedure. 
We notified McIntosh in a published order dated December 11, 2002 that these are not appealable
orders and that these appeals would be dismissed for want of jurisdiction if supplemental clerkâs
records containing orders adjudicating the merits of his motions for DNA testing were ânot filed
with the Clerk of this Court on or before 5:00 p.m. on December 27, 2002.â McIntosh v. State,
No. 01-409-CR, slip op. at 3-4, 2002 Tex. App. LEXIS 8879, at *4 (Tex. App.âWaco Dec. 11,
2002, order).
Â Â Â Â Â Â We have not received a supplemental record containing an order on the merits in any of these
appeals. Accordingly, we dismiss these appeals for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeals dismissed for want of jurisdiction
Opinion delivered and filed March 5, 2003
Do not publish
[CR25]


   Pena
contends in the remaining three points that he received ineffective assistance
of trial counsel because counsel failed to: (a) request a jury instruction on
mistake of fact, (b) move for dismissal because of pretrial delay, and (c)
preserve his due course of law claim for appellate review.

Â Â Â Â Â Â Â Â Â Â Â  To
prevail on an ineffective-assistance claim, an appellant must show by a
preponderance of the evidence that: (1) counselÂs performance was deficient and
(2) the

deficient
performance prejudiced the defense. Â Garza v. State, 213 S.W.3d 338,
347-48 (Tex. Crim. App. 2007).Â  We begin with a Âstrong presumptionÂ that
counsel provided reasonably professional assistance, and Pena bears the burden
of overcoming this presumption. Â See Andrews v. State, 159 S.W.3d 98,
101 (Tex. Crim. App. 2005). Â Generally, the appellate record is insufficient to
satisfy this burden. Â Scheanette v. State, 144 S.W.3d 503, 510 (Tex.
Crim. App. 2004); Curry v. State, 222 S.W.3d 745, 754 (Tex. App.ÂWaco
2007, pet. refÂd). Â If nothing in the record reveals the reason for the act or omission
which is the basis of an ineffective assistance complaint, we may not speculate
on that reason. Â See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); Curry, 222 S.W.3d at 754.

Mistake of Fact

Â Â Â Â Â Â Â Â Â Â Â  Pena
argues in his second point that he received ineffective assistance of counsel
because counsel failed to request an instruction on mistake of fact.Â  PenaÂs
trial counsel testified at the hearing on his motion for new trial.Â  However,
counsel noted at the beginning of his testimony that he did not bring his file
and did not know that he was going to be called to testify.Â  Regarding the jury
charge, counsel testified that he did not remember why he chose not to request
an instruction on mistake of fact.Â  We may not speculate on the reason(s) he
did not request this instruction.Â  Id.Â  Accordingly, we overrule PenaÂs second
point.

Speedy Trial

Â Â Â Â Â Â Â Â Â Â Â  Pena
claims in his third point that he received ineffective assistance of counsel
because counsel failed to move for dismissal because of pretrial delay.Â  To prevail on an ineffective assistance
claim premised on counselÂs failure to file a pretrial motion, an appellant
must show that the motion would have been granted.Â  Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam); Edmond
v. State, 116 S.W.3d 110, 112 (Tex. App.ÂHouston [14th Dist.] 2002, pet.
refÂd); see Pady v. State, No. 13-07-00075-CR, 2008 Tex. App. LEXIS
8577, at *4 (Tex.
App.ÂCorpus Christi Nov. 13, 2008, pet. refÂd) (not designated for publication)
(applying this principle to ineffective assistance claim premised on counselÂs
failure to seek speedy trial).

Â Â Â Â Â Â Â Â Â Â Â  We
consider the four Barker factors when evaluating a speedy-trial claim: 1)
length of the delay, 2) reason for the delay, 3) assertion of the right, and 4)
prejudice to the accused.Â  See Cantu v. State, 253 S.W.3d 273, 277 (Tex.
Crim. App. 2008) (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct.
2182, 2192, 33 L. Ed. 2d 101 (1972)).Â  The length of delay is undisputedÂmore
than four years.[3]Â 
Once a presumptively prejudicial delay like this is shown,
the State bears the initial burden of providing a justification
for the delay.Â  Emery v. State, 881 S.W.2d 702, 708
(Tex. Crim. App. 1994); Blaylock v. State, 259 S.W.3d 202, 209 (Tex.
App.ÂTexarkana 2008, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  Pena
was arrested on September 27, 1998 and made a $10,000 surety bond the next
day.Â  He was incarcerated in Harris County one month later for Âother mattersÂ
and parole violations and was not released until July 1999.Â  During his
incarceration, his surety presented an affidavit for his surrender, and a warrant
was issued for PenaÂs arrest.Â  He was not arrested on this warrant until June
2001, and counsel was appointed to represent him shortly thereafter.Â  Pena was
released on bond again in October 2001.

Â Â Â Â Â Â Â Â Â Â Â  The
case was set for trial in July 2002 but postponed after the court granted
PenaÂs continuance motion.Â  The parties proceeded to trial in September 2002,
but the venire panel was dismissed after the challenges for cause were granted
because an insufficient number of veniremembers remained.Â  See Goode
v. State, 740 S.W.2d 453, 459-60 (Tex. Crim. App. 1987) (reversing
conviction where defendant received only 9 of 15 peremptory challenges required
by statute in death penalty case); see also Tex. Code Crim. Proc. Ann. art. 35.15(b) (Vernon 2006) (State
and defendant each entitled to 10 peremptory challenges in non-capital felony
case).Â  PenaÂs appointed counsel withdrew about one month later, and a second
attorney was appointed to represent him.Â  He was tried in early January 2003.

Â Â Â Â Â Â Â Â Â Â Â  It appears
that the parties share responsibility for the first three years of the delay.
Pena was incarcerated in another county for a year following his arrest and
remained at large after his release without making any inquiry into the status
of this case.Â  Conversely, it does not appear that his address changed at any
time before trial, and, though the authorities had a valid address for him at
all times, the record contains no evidence that the State attempted to arrest
him between July 1999 and June 2001.Â  See Emery, 881 S.W.2d at 708
(State bears burden of justifying presumptively prejudicial delay); Blaylock,
259 S.W.3d at 209 (same); cf. Smith v. State, No. 05-04-01343-CR, 2005
Tex. App. LEXIS 6820, at *15-16 (Tex. App.ÂDallas Aug. 23, 2005, pet. refÂd) (not
designated for publication) (reasons for delay weighed against defendant
because evidence was presented that efforts to arrest him at last known address
were unsuccessful and he had moved without correcting his driverÂs license
records).

Â Â Â Â Â Â Â Â Â Â Â  In
the same way, the parties share responsibility for the remaining months of
delay.Â  During this time period, Pena obtained a continuance and changed
attorneys.Â  Conversely, the inability to secure enough veniremembers for the
September 2002 trial Âis not a valid reason for delay and must be counted
against the State, although not heavily.ÂÂ  See Shaw v. State, 117
S.W.3d 883, 890 (Tex. Crim. App. 2003) (addressing crowded docket as reason for
delay).

Â Â Â Â Â Â Â Â Â Â Â  Pena
obviously did not assert his right to a speedy trial in the trial court.Â  His
trial counsel testified that he did not believe a speedy-trial motion would be
meritorious because of PenaÂs previous Âtrial.Â

Â Â Â Â Â Â Â Â Â Â Â  Pena
argues that he was prejudiced by the delay because the plant material which
formed the basis for his prosecution was destroyed and the Department of Public
Safety lab file was lost.Â  However, those items were lost/destroyed in March
2000, while Pena was at large.Â  He has not established how the filing of a
speedy-trial motion by his first appointed counsel in July 2001 or by his
second counsel in October 2002 would have prevented the loss/destruction of
these items.

Â Â Â Â Â Â Â Â Â Â Â  The
delay was lengthy, and the parties share responsibility for the delay.Â  Pena
has not established that a speedy-trial motion would have prevented the
destruction of the plant material or the loss of the lab file.Â  Thus, he has
failed to establish that he would have prevailed on a speedy-trial motion.Â  See
Jackson, 973 S.W.2d at 957; Edmond, 116 S.W.3d
at 112.Â  Because he has failed to establish that he would have prevailed on
such a motion, he has likewise failed to show a reasonable probability that the
result of his trial would have been different but for trial counselÂs failure
to file such a motion.Â  See Pady, 2008 Tex. App. LEXIS 8577, at *7.Â  Accordingly,
we overrule PenaÂs third point.

Due Course of Law

Â Â Â Â Â Â Â Â Â Â Â  Pena avers in his fourth point that he
received ineffective assistance of counsel because counsel failed to preserve
for appellate review his claim that the Texas Due Course of Law provision provides
greater protection than the federal Due Process Clause with regard to lost or
destroyed evidence.

Â Â Â Â Â Â Â Â Â Â Â  This
Court was the first in Texas to hold that the Due Course of Law provision provides
greater protection than its federal counterpart with regard to preservation of
evidence.Â  See Pena v. State, 166 S.W.3d 274, 281-82 (Tex.
App.ÂWaco 2005), revÂd, 191 S.W.3d 133 (Tex. Crim. App. 2006).Â  In fact,
we addressed this issue sua sponte because the parties briefed the case
as if there were no distinction between the state and federal provisions.Â  See
Pena, 191 S.W.3d at 134.

Â Â Â Â Â Â Â Â Â Â Â  The
deficient attorney performance component of an ineffective assistance claim
cannot be based on alleged errors of counsel Âwhen the caselaw evaluating
counselÂs actions and decisions in that instance was nonexistent or not
definitive.ÂÂ  Ex parte Young, 213 S.W.3d 327, 330 n.2 (Tex. Crim. App.
2006) (quoting Vaughn v. State, 931 S.W.2d 564, 568 (Tex. Crim. App.
1996)).Â  The proposition that TexasÂ Due Course of Law provision grants greater
protection than the federal Due Process Clause with regard to preservation of evidence is a novel one.Â 
Counsel cannot be held to have rendered deficient performance for having failed
to preserve such an unsettled proposition.Â  See id.Â  Thus, we overrule
PenaÂs fourth point.

We
affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed June 9, 2010

Do not publish

[CRPM]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  See Pena
v. State, 166 S.W.3d 274 (Tex. App.ÂWaco 2005), revÂd, 191 S.W.3d
133 (Tex. Crim. App. 2006), 226 S.W.3d 634 (Tex. App.ÂWaco 2007) (op. on
remand), revÂd, 285 S.W.3d 459 (Tex. Crim. App. 2009).

Â 





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The jury did not
hear the audio portion of the recording.





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The delay is
measured from the date of arrest or the presentment of the indictment,
whichever occurs first, to the date of trial.Â  See State v. Manley,
220 S.W.3d 116, 122 (Tex. App.ÂWaco 2007, no pet.).