In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00179-CR


______________________________




DANNY EARL MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 183rd Judicial District Court


Harris County, Texas


Trial Court No. 864061




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Danny Earl Moore appeals his jury conviction of aggravated robbery. The jury assessed his
punishment at twenty-five years' imprisonment. Moore challenges the legal and factual sufficiency
of the evidence to convict.

 Moore was accused of committing robbery with a firearm against Luis Adame at Luis'
apartment in Houston. Luis testified that, between 8:00 p.m. and 8:30 p.m., he was outside his
apartment checking the water level of his truck when he heard someone speak to him. He turned
around, and a man, whom he later identified as Moore, pointed a gun at him and ordered him to
surrender his money. Luis testified that he did not move, but that Moore grabbed him from behind
and took the money from his wallet and his front pocket. He testified Moore held him, with the gun
pointed at his head, and forced him into his (Luis') apartment.

 Luis' wife, Jenny, and his two sons, Jesse (age ten) and Alex (age eleven), were inside the
apartment. Each witness testified Moore ordered the boys to go into a bedroom. Luis and Jenny
testified Moore threatened to kill Luis. They also testified Moore took Jenny's purse, which was
hanging on the doorknob of a closet. They testified Moore backed out of the apartment, holding the
gun against Luis and pushing him to the ground before fleeing.

 Luis and Jenny both described the man who robbed them as a few inches taller than Luis. 
This description was consistent with the difference in height between Moore and Luis. All the
witnesses testified the man was wearing black pants and a white shirt. Neither Luis nor Jenny was
able to identify Moore as the robber from a photographic array, but each was able to identify him in
court as the robber. Jesse and Alex were both able to identify Moore as the robber from the
photographic array and in court.

 Luis described the gun as a black-barreled, nine-millimeter, automatic pistol. Jenny
described the gun as having a black handle and a silver tip. Jesse described the gun as black. 
Officer James Ybarra testified a nine-millimeter handgun is a firearm and is a deadly weapon. No
gun was admitted into evidence in this case.

 Luis and Jenny testified that, later that same night, when they were standing outside their
apartment manager's apartment, they saw the robber pass nearby. Anna Gamez, the apartment
manager, testified the man was wearing black pants and a white shirt. She testified she recognized
him because he had been on the property several times before. In fact, she was able to provide police
with a photograph of the man from an apartment application in her files. However, she was unable
to identify Moore from the photographic array as the man she saw, but she did identify him in court. (1) 
Angel Alvarez, a maintenance worker at the apartment complex who was also outside Gamez'
apartment when Luis and Jenny saw the robber, was able to identify Moore from the photograph
array as the man he saw that night. 

 In reviewing the legal sufficiency of the evidence, we look to see whether, after viewing all
of the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996). We evaluate all of the evidence in the record, both direct and circumstantial,
whether admissible or inadmissible. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

 Under a factual sufficiency analysis, we examine whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000); see also Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Accordingly, we
reverse the fact-finder's determination only to "arrest the occurrence of a manifest injustice." 
Johnson, 23 S.W.3d at 12. Otherwise, we must give due deference to the fact-finder's determinations
concerning the weight and credibility of the evidence. Id. at 9.

 As alleged in the indictment, the elements of aggravated robbery are that Moore (1) in the
course of  committing  theft, (2) and  with  intent  to obtain  and  maintain  control  of  Luis' property,
(3) intentionally or knowingly, (4) threatened Luis and placed him in fear of imminent bodily injury
and death, and (5) used and exhibited a deadly weapon, namely, a firearm. See Tex. Pen. Code
Ann. § 29.03(a)(2) (Vernon 1994).

 Moore first contends the evidence is legally and factually insufficient to show he used a
firearm in committing the robbery. However, Luis testified the weapon was a nine-millimeter
automatic pistol. There was also testimony that a nine-millimeter automatic pistol is a firearm and
is a deadly weapon. Further, the evidence showed Moore held the gun to Luis' head through much
of the robbery and threatened to kill him. Courts have held a jury is entitled to infer a gun is loaded
from the fact that the perpetrator made threats with it. See Edwards v. State, 10 S.W.3d 699, 701-02
(Tex. App.-Houston [14th Dist.] 1999), pet. dism'd, 67 S.W.3d 228 (Tex. Crim. App. 2002) (per
curiam); Vaughn v. State, 888 S.W.2d 62, 68 (Tex. App.-Houston [1st Dist.] 1994), aff'd on other
grounds, 931 S.W.2d 564 (Tex. Crim. App. 1996).

 From this evidence, a rational jury could conclude beyond a reasonable doubt Moore used
a firearm in committing the robbery. Therefore, the evidence is legally sufficient. The evidence is
also factually sufficient. Though Moore contends the weapon could have been a BB gun, and
therefore not a firearm, there is no evidence supporting this contention. In any event, the jury was
entitled to make the opposite inference.

 Moore also contends the evidence is legally and factually insufficient because the State's
evidence was not credible. Specifically, he contends neither Luis nor Jenny was able to identify
Moore in court as the robber, meaning that the State had to rely on the testimony of Gamez, who was
not present during the robbery, and of Luis' two sons, one of whom, he contends, did not make an
in-court identification of Moore as the robber.

 However, Moore's reading of the record is flawed. Luis, Jenny, Jesse, and Alex all identified
Moore in court as the robber. (2) Moreover, this testimony is some evidence Moore was the robber,
making the evidence legally sufficient.

 Further, there was other testimony pointing to Moore as the robber. Jesse and Alex both
testified they identified Moore from the photographic array. The witnesses gave consistent
descriptions of the robber's clothing, lending credibility to their observations. Luis' and Jenny's
descriptions of the robber as being a few inches taller than Luis were consistent with the difference
in height between Luis and Moore.

 Gamez testified she recognized the man Luis and Jenny pointed out to her when they were
standing outside her apartment. She was able to give police information about him, including a
picture of him, from an apartment application. She was also able to identify Moore in court as the
man she saw. Alvarez, the maintenance worker at the apartment complex who was present outside
Gamez' apartment when Luis and Jenny saw the robber, was able to identify Moore from the
photographic array as the man he saw.

 It is true that Luis, Jenny, and Gamez were unable to identify Moore as the robber from the
photographic array. This fact, however, goes to the overall credibility of their identification. It is
well settled that issues of credibility and demeanor are the sole province of the jury. Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). As mentioned previously, we may act only to
"arrest the occurrence of a manifest injustice." Johnson, 23 S.W.3d at 12. The record here reveals
no such injustice.

 The judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 2, 2002

Date Decided: July 3, 2002


Do Not Publish
1. The photograph used in the array was a Houston Police Department photograph, not the one
Gamez provided to police. 
2. In his testimony on redirect examination, Luis clearly identified Moore as the robber. See
Reporter's Record, volume 3, at 36-37. Jenny identified Moore in court as the robber in her
testimony on redirect examination. See Reporter's Record, volume 3, at 78. Jesse identified Moore
in court on redirect examination. See Reporter's Record, volume 3, at 130-31. Alex identified
Moore in court as the robber in his testimony on direct examination. See Reporter's Record, volume
3, at 141.