NO. 07-02-0222-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 16, 2003

_____

OLLIE LEE PAYNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3136; HONORABLE RON ENNS, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION

Ollie Lee Payne appeals from his conviction for possession of a controlled substance in an amount of 400 grams or more. We affirm.

BACKGROUND

In September, 2001, Lori Smith reported to the Dumas police that appellant Ollie Payne had shown her a large amount of drugs in the refrigerator at the house in which appellant lived in Dumas. She reported that appellant told her the drugs were his and that he took her with him one evening when he was making sales of drugs. The police obtained and executed a search warrant based on Smith's report. Smith executed an affidavit which was attached to the search warrant.

Drugs were located in the house where appellant lived and he was arrested. He signed a written confession; was indicted by a Moore County grand jury for possession of a controlled substance in an amount of 400 grams or more; was convicted; and was sentenced to 30 years incarceration.

Appellant presents three issues in seeking to have his conviction reversed and a new trial granted: (1) the trial court committed fundamental error by admitting the search warrant and its accompanying affidavit from Smith into evidence in violation of his right to confront and cross-examine witnesses against him; (2) the trial court committed fundamental error by admitting the search warrant and Smith's accompanying affidavit into evidence when no question of probable cause was before the jury; and (3) appellant was denied effective assistance of counsel. The State responds that admission of the warrant and Smith's affidavit was harmless error, appellant's counsel was not ineffective, and appellant has not shown prejudice from any of the actions allegedly demonstrating ineffective assistance.

ISSUE ONE: ADMISSION OF SMITH'S AFFIDAVIT

Smith did not testify at trial. The search warrant with Smith's affidavit attached was introduced into evidence. The affidavit contained statements to the effect that appellant (1) was seeking to have sex with Smith, (2) offered to pay for her housing, (3) wanted her to smoke pot with him, (4) took Smith with him to make drug sales in Dumas one night, (5) planned to go to Los Angeles to pick up drugs, and (6) showed Smith drugs which were in the refrigerator and which appellant claimed belonged to him. Appellant objected to the affidavit on the basis that he was unable to cross-examine Smith.

The State does not contest appellant's assertion that admission of Smith's affidavit was error. Nevertheless, the State maintains that admission of the affidavit was harmless. We agree.

In his confession appellant admitted to becoming involved in selling and delivering drugs, mainly methamphetamine, because he could not pay his bills. He stated that he was "fronted" the drugs by others and would only keep part of the money he received from selling the fronted drugs. He denied using methamphetamine, but stated that he occasionally smoked marijuana. He claimed that he put the dope in the refrigerator at his house, regretted getting involved with drugs and that he was sorry for the hurt he had caused the people he sold drugs to.

The material parts of Smith's affidavit's were contained in appellant's written confession which was admitted at trial. Where the same evidence is admitted elsewhere during trial no reversible error exists. See McFarland v. State, 845 S.W.2d 824, 840

3

(Tex.Crim.App. 1992); Johnson v. State, 803 S.W.2d 272, 291 (Tex.Crim.App. 1990); Anderson v. State, 717 S.W.2d 622, 628 (Tex.Crim.App. 1986). Assuming, *arguendo*, that admission of the affidavit was error and that error was preserved[1] so as to require a harm analysis for constitutional error, see TRAP 44.2(a), we are convinced beyond a reasonable doubt that information in the affidavit which was not also contained in appellant's confession did not contribute to appellant's conviction. Accordingly, we overrule issue one.

ISSUE TWO: ADMISSION OF THE SEARCH
WARRANT AND SMITH'S AFFIDAVIT

By his second issue appellant complains of admission of both the search warrant and Smith's affidavit. He urges that neither the existence of the warrant nor probable cause was disputed at trial. He asserts harm based on non-constitutional error because the error violated a rule of evidence.

When the State offered the warrant into evidence, appellant's counsel objected to Smith's affidavit, as we have discussed above. No objection was lodged to admission of the warrant.

As to admission of the search warrant itself, error was not preserved. See TRAP 33.1(a); TRE 103(a)(1). We cannot reverse on a matter not presented to the trial court and which is first raised on appeal. See Hailey v. State, 87 S.W.3d 118 (Tex.Crim.App. 2002).

---

[1]Because of our disposition of the issue, we do not offer any opinion on whether appellant's objection was sufficient to preserve error. See TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1); Barnum v. State, 7 S.W.3d 782, 794 (Tex.App.–Amarillo 1999, pet. refused). Further reference to a Rule of Appellate Procedure will be by reference to "TRAP___"; a Rule of Evidence will be referred to as "TRE___."

4

We have previously determined that any error in admitting Smith's affidavit was harmless by constitutional harm standards. For claims of non-constitutional or "other" error under TRAP 44.2(b), a judgment should not be overturned unless after examining the record as a whole, the reviewing court has a grave doubt that the result was free from the substantial influence of the error on the outcome of the proceeding. See Burnett v. State, 88 S.W.3d 633, 637-38 (Tex.Crim.App. 2002). We do not have a grave doubt as to the harm of Smith's affidavit in regard to appellant's conviction, for the reasons expressed in our analysis of issue one. Issue two is overruled.

ISSUE THREE: INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant cites Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984) in presenting his third issue. We thus consider that his issue references his right to counsel under the Sixth Amendment to the federal constitution. In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland. See Hernandez v. State, 726 S.W.2d 53, 56-7 (Tex.Crim.App. 1986). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). The defendant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell below an objective standard of reasonableness. Id. If appellant has demonstrated deficient assistance of counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the deficient

5

assistance. Id. In proving prejudice, appellant must prove a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Hernandez, 726 S.W.2d at 55.

Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. Defense counsel should ordinarily be accorded an opportunity to explain his or her actions before being labeled as unprofessional, incompetent or ineffective. See Bone v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).

Appellant sets out eight instances of trial conduct which he urges warrant reversal because his counsel was ineffective. Five of the instances complain of trial counsel's failure to object to matters during trial, although the record does not contain evidence of counsel's reasons for not objecting.

Appellant does not cite authority or make argument that if trial counsel had posed the referenced objections, the trial court would have been in error by overruling the objections. To successfully present an argument that counsel was ineffective because of a failure to object to the State's questioning and argument, however, appellant must show that the trial court would have committed error in overruling such objection. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). And, because the record does not

6

evidence trial counsel's reasons for failing to lodge the objections, a conclusion as to those reasons would require speculation on our part – an exercise in which we decline to engage. The allegations of ineffectiveness for failure to object during trial are not supported by the record. See Bone, 77 S.W.3d at 836-37.

A sixth instance complained of is trial counsel's failure to interview Lori Smith. But, appellant points to no evidence in the record to substantiate his allegation that trial counsel failed to interview Smith. Nor does he point to any record evidence that an interview with Smith would have yielded any information which would have benefitted appellant's case. Without such record evidence ineffectiveness of counsel is not proved. See McFarland, 928 S.W.2d at 500.

The last of the instances posited as ineffective assistance are trial counsel's failures to request an instructed verdict and an instruction limiting the jury to considering the search warrant and Smith's affidavit for purposes of determining probable cause. He does not cite authority or present argument that an instructed verdict would have been granted. Nor does he assert how a limiting instruction as to the search warrant and Smith's affidavit would have resulted in a different result in his trial. See id.; Hernandez, 726 S.W.2d at 55.

Appellant has not proved either deficient performance or sufficient prejudice to warrant reversal on his ineffective assistance claim. Nor does his urging ineffective assistance because of the "multitude of deficiencies" warrant reversal. A vague, inarticulate sense and allegation that counsel could have provided a better defense is not

7

a legal basis for finding counsel constitutionally ineffective. <u>See</u> <u>Bone</u>, 77 S.W.3d at 836.
Issue three is overruled.

## CONCLUSION

Having overruled appellant's three issues, we affirm the judgment of the trial court.


Phil Johnson
Chief Justice


Do not publish.

8