NO.
12-05-00201-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JAMES REAGAN COOK,   §                      APPEAL
FROM THE SECOND

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            James Reagan
Cook appeals his conviction for driving while intoxicated.  In four issues, he contends that the trial
court erred when it allowed the jury to hear that he had marihuana in his
pocket when he was arrested and that he received ineffective assistance of
counsel.  We affirm.

 

Background








            A police officer stopped Appellant
as he drove through Jacksonville, Texas one evening.  Appellant drew the officer’s attention when
he failed to signal a turn at a stop sign before arriving at the corner.  As the officer attempted to get behind
Appellant, he observed Appellant’s vehicle nearly strike a parked vehicle and
swerve into the oncoming lane. The officer turned on his emergency lights, and
Appellant drove for about six hundred yards before stopping his vehicle.  After talking with Appellant, the officer
observed the following: Appellant’s eyes were bloodshot and glassy, he smelled
of the odor of an alcoholic beverage, his speech was slurred, and he was
unsteady on his feet. The officer administered field sobriety tests to
Appellant including the horizontal and vertical gaze nystagmus tests.  After participating in several tests,
Appellant indicated, impolitely, that he would not be cooperating with any more
tests.  Appellant also refused to take a
breath test.  The officer arrested Appellant
for the offense of driving while intoxicated. 
The officer found marihuana in Appellant’s pocket in a search incident
to that arrest.








            A Cherokee County grand jury
indicted Appellant for the offense of driving while intoxicated.  The indictment also alleged that he had two
prior convictions for driving while intoxicated and a prior felony
conviction.  See Tex. Pen. Code Ann. §§ 49.09(b)(2),
12.42(a)(3) (Vernon 2005).  The case was
tried to a jury, and Appellant was found guilty.  Appellant admitted that the enhancement
allegation was true, and the jury assessed punishment at sixteen years of
imprisonment.  This appeal followed.

 

Admission of
Evidence

            In his first and second issues,
Appellant argues that the trial court erred when it permitted the jury to hear
that he had marihuana in his pocket when he was arrested.  Appellant asserts that the evidence was
irrelevant and that any probative value it had was outweighed by the unfairly
prejudicial impact of the evidence. 

Standard of
Review

            Questions of relevance are left
largely to the trial court, relying on its own observations and experience, and
will not be reversed absent an abuse of discretion.  Moreno v. State, 858 S.W.2d
453, 463 (Tex. Crim. App. 1993) (citing Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990)). 
Texas Rule of Evidence 401 defines relevant evidence as “evidence having
any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.” 








  Relevant evidence is admissible so long as its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, misleading the jury, or needless presentation of
cumulative evidence.  Tex. R. Evid. 402, 403.  A trial court is entitled to broad discretion
in ruling on an objection that evidence is unfairly prejudicial.  See Manning v. State,
114 S.W.3d 922, 926 (Tex. Crim. App. 2003). 
In State v. Melcher, 153 S.W.3d 435, 439 (Tex. Crim. App.
2005), the court of criminal appeals identified two significant rationales for
this broad discretion.  First, the
language of Rule 403 implies that a determination under the rule is inherently
discretionary with the trial court.  Id.  Second, the trial court is in a superior
position to evaluate the impact of the evidence.  Id.  

  We review de novo mixed questions of law and
fact not involving an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  Nevertheless,
the abuse of discretion review is the proper standard for a trial court’s
evidentiary ruling as these rulings generally do not involve mixed questions of
law and fact.  Mechler, 153
S.W.3d at 439.  The test for whether the
trial court abused its discretion is whether the action was arbitrary or
unreasonable.  Manning, 114
S.W.3d at 926.  An abuse of discretion
occurs when a ruling is outside the zone of reasonable disagreement.  Id.

Analysis

  We consider four principal factors in our
analysis pursuant to Rule 403: (1) the probative value of the evidence; (2) the
potential to impress the jury in some irrational yet indelible way; (3) the
time needed to develop the evidence; and (4) the proponent’s need for the
evidence.  Erazo v. State,
144 S.W.3d 487, 489 (Tex. Crim. App. 2004); Montgomery, 810
S.W.2d at 389-90. 

  Probative Value

  The first factor looks to the probative value
of the evidence or how compellingly the evidence serves to make a fact of
consequence more or less probable.  Manning,
114 S.W.3d at 927.  The fact of
consequence is how it was that Appellant came to be intoxicated.  The State had alleged that Appellant was
intoxicated through the use of alcohol, a controlled substance, a drug or a
dangerous drug, or a combination thereof, and this was part of their burden of
proof.  Marihuana has little common use
other than to induce intoxication. 
Having marihuana in one’s pocket may not sustain an inference that the
person is intoxicated, but it is probative of the issue of how a person came to
be intoxicated.  In addition, the
arresting officer testified, without an objection, that Appellant’s eyes showed
vertical nystagmus and that this was an indication of a high level of
intoxication or a narcotic being present in Appellant’s system.

  The fact that Appellant had marihuana in his
pocket made it more likely that he had smoked marihuana and supported an
inference that Appellant’s intoxication could be explained, at least in part,
by the use of marihuana.  The probative
value of the evidence weighs in favor of admission.








            Indelible Impression

            The
second factor asks whether the evidence has the potential to impress the jury
in some irrational but indelible way.  Mechler,
153 S.W.3d at 440-41.  The focus must be
on the quantum of “unfair” impression the evidence leaves.  Id. at 440.  Unfair prejudice refers only to the tendency
of the evidence to tempt the jury to find guilt on grounds apart from the proof
of the offense charged.  Id.

            Possession
of a useable quantity of marihuana is a criminal offense, and some people may
attach extremely negative associations to the possession of marihuana.  On the other hand, it is a minor offense and
certainly does not rank with the kind of evidence found to have a propensity to
create indelible impressions.  For
example, the court of criminal appeals recently found that a photograph of an unborn
and deceased child introduced at the trial of the person alleged to have killed
the mother appealed to the jury’s “emotional side” and encouraged the jury to
make a decision on an emotional basis.  See
Erazo, 144 S.W.3d at 494-95. 
A small bag of marihuana does not provoke that kind of a response.  This factor weighs neutrally.

            Time
to Develop

            The
third factor looks to the time the proponent will need to develop the evidence,
during which the jury will be distracted from consideration of the indicted
offense.  Mechler, 153
S.W.3d at 441.  This evidence took an
extremely short period of time to develop, and neither party devoted a
significant part of their final summation to this issue.  This factor weighs in favor of admission.

            Need for the Evidence

            The
fourth factor focuses on the proponent’s need for the evidence and encompasses
the issues of whether the proponent has other evidence establishing this fact
and whether this fact is related to a disputed issue.  Id. at 441-42.  The State needed to prove the source of
Appellant’s intoxication.  The marihuana
in Appellant’s pocket was the only evidence the State had that he was under the
influence of marihuana.  It was
permissible to bring in evidence that Appellant had an intoxicant in his pocket
to show how he became intoxicated.  This
factor weighs in favor of admission, if modestly.

Conclusion

            The
fact that Appellant had marihuana in his pocket was not the best possible
evidence of how it was that he came to be intoxicated.  Nevertheless, the potential for an irrational
reaction to the material was low, and the State had alleged that he was
intoxicated either by alcohol or a controlled substance or some
combination.  This case is similar to Manning.  In Manning, the court of
criminal appeals upheld the trial court’s decision to allow evidence that the
defendant’s blood contained a metabolite of cocaine even though a witness
testified that so little of the metabolite was present that the defendant would
not have been feeling the effects of the cocaine.  Manning, 114 S.W.3d at 923-24,
928. The court held that the presence of cocaine was an element of the offense,
because it was alleged that the defendant had consumed a controlled
substance.  Id. at
927.  The present case is different
because there is not proof that the controlled substance was in Appellant’s
system.  Still, the source of Appellant’s
impairment was an element of the offense. 
The fact that Appellant had a substance on his person that could have
been a source of his impairment was, therefore, germane to the issue of the
source of Appellant’s intoxication. 

            The
trial court’s decision to allow the jury to hear that Appellant had a small bag
of marihuana in his pocket is not outside the zone of reasonable
disagreement.  We overrule Appellant’s
first and second issues.

 

Ineffective Assistance of Counsel

            In
his third and fourth issues, Appellant argues that he received ineffective
assistance of counsel because his attorney did not object to the lack of an
evidentiary foundation before the officer testified that Appellant exhibited
both horizontal and vertical gaze nystagmus after he was arrested.

Standard of Review

            To
prevail on a claim of ineffective assistance of counsel, a defendant must prove
that (1) his lawyer’s performance was deficient, i.e., that the lawyer made
errors so serious that he was not functioning as the “counsel” guaranteed by
the Sixth Amendment, and (2) the errors of counsel were so serious that there
exists a reasonable probability that, but for counsel’s errors, the result of
the proceedings would have been different.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see also Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

            When
considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective, and we presume that sound
strategy motivated counsel’s actions and decisions.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
An appellant has the burden of rebutting this presumption by presenting
evidence illustrating why his trial counsel did what he did.  See id.  The record on appeal is generally not
sufficient to show that counsel’s representation was so deficient as to meet
the first part of the Strickland standard, because counsel’s
decisions often involve facts that do not appear in the appellate record.  Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002); see also Rogers v. State, 183
S.W.3d 853, 868 (Tex. App.–Tyler 2005, no pet.).

            After
proving error, an appellant must affirmatively prove prejudice.  See Burruss v. State, 20 S.W.3d
179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  To prove prejudice, an appellant must show
that there is a reasonable probability that, but for his attorney’s errors, the
jury would have had a reasonable doubt about his guilt.  Id. 

Applicable Law

            The
court of criminal appeals has concluded that the theory and technique
underlying the horizontal gaze nystagmus test are reliable pursuant to Texas
Rule of Evidence 702.  See Emerson v.
State, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994).  A similar determination has not been made for
the vertical gaze nystagmus test.  See
Stovall v. State, 140 S.W.3d 712, 718 (Tex. App.–Tyler 2004, no
pet.).  Rule of Evidence 702 provides
that “if scientific, technical, or other specialized knowledge will assist the
trier of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or
education may testify thereto in the form of an opinion or otherwise.”  To assist the trier of fact, the basis of the
testimony must meet three criteria: (1) the underlying scientific theory must
be valid; (2) the technique applying the theory must be valid; and (3) the
technique must have been properly applied on the occasion in question.  Kelly v. State, 824 S.W.2d 568,
573 (Tex. Crim. App. 1992).

Analysis

            To
argue successfully that trial counsel’s failure to object to evidence amounted
to ineffective assistance, Appellant must show that the trial court would have
committed error in overruling such an objection.  Vaughn v. State, 931 S.W.2d
564, 566 (Tex. Crim. App. 1996).  With
respect to the horizontal gaze nystagmus evidence, this threshold is not
met.  The officer’s explanation of his
training and experience could have been more thorough, but it is well
established that horizontal gaze nystagmus testing is admissible.  Emerson, 880 S.W.2d at
769.  It is reasonable to conclude that a
more thorough foundation would have been presented if there had been an
objection. 

            With
respect to vertical gaze nystagmus, in Stovall, 140 S.W.3d at
718, we concluded that it was novel scientific evidence that had not yet been
evaluated and found to be scientifically reliable.  That conclusion has not changed, but neither
has the contrary proposition been established, that vertical gaze nystagmus
evidence may never be received.  Cf. Ross
v. State, 133 S.W.3d 618, 625 (Tex. Crim. App. 2004) (Polygraph
evidence is inadmissible for all purposes.). 
We decline to speculate that the State would not have been able to meet
an objection to this evidence.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

            Appellant
has failed to prove that a timely objection would have prevented the admission
of either the horizontal or vertical gaze nystagmus tests.  Even if one or both of the tests could have
been kept out of evidence, Appellant has not proven prejudice.  The evidence in this case consisted of the
officer’s testimony that Appellant was intoxicated, a videotape of Appellant
taken shortly after the arrest, Appellant’s refusal of a breath test, and the
officer’s testimony that Appellant nearly struck a parked vehicle.  The gaze nystagmus tests merely supported the
officer’s conclusion that Appellant appeared to be intoxicated.  It is unlikely that the jury would disbelieve
the officer’s assessment of Appellant’s level of intoxication, but convict him
because the officer testified that Appellant’s eyeballs moved erratically as
his gaze tracked the officer’s pen. 
Appellant has not proven that his attorney’s representation denied him
the right to counsel or that there is a reasonable probability of a different
result.

            We
overrule Appellant’s third and fourth issues.

 

Conclusion

            The
trial court did not err when it allowed the State to present evidence that
Appellant had a bag of marihuana in his pocket when he was arrested for driving
while intoxicated.  Trial counsel did not
provide ineffective assistance of counsel.

            We
affirm the judgment of the trial court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion delivered June 14, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)