**AFFIRM; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00884-CR

**RUDOLPH EDMONDS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1670406-U**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Rudolph Edmonds appeals his conviction for assault causing bodily injury, enhanced by family violence. In a single issue, appellant asserts his counsel rendered ineffective assistance by failing to object to expert testimony on family violence and evidence concerning extraneous offenses. We affirm his conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

The State indicted appellant alleging he committed assault (family violence) by occlusion. The State sought to enhance appellant's punishment with a prior conviction for assault with a finding of family violence. Appellant entered a not guilty plea and proceeded to a jury trial. The jury found him guilty of the lesser included offense of assault bodily injury, family violence

enhanced.  Appellant elected to have the jury set punishment.  The jury found the enhancement paragraph to be true and assessed punishment at twenty years' confinement and imposed a fine of $5,000.

The evidence at trial established the complainant, M.J., met appellant in 2015 and shortly thereafter began living with him.  M.J. and appellant both had drinking problems and appellant physically abused M.J. and isolated her from friends and family.  On January 20, 2016, appellant and M.J. had an argument that escalated to a physical altercation.  M.J. fled the home and called 9-1-1 from a nearby gas station.  A Dallas police officer responded and noted that M.J. was upset, crying, and had scratches and blood on her neck.  M.J. stated appellant had slapped her and thrown her against a refrigerator.  A few months later, M.J.'s mother called the police because she was concerned over the welfare of her daughter.  A detective contacted M.J. and she recounted the January 20 assault, indicating that during that altercation appellant choked her.  Appellant was then arrested.  He later posted bond and returned home.  M.J. later testified he continued to abuse her thereafter.

### DISCUSSION

Appellant urges his trial counsel rendered ineffective assistance by failing to object to the testimony of an expert witness on family violence and to evidence concerning three specific extraneous offenses.

## I.  Standard of Review

To prevail on a claim of ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that: (1) trial counsel's performance fell below the objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 690–92 (1984); *Hernandez v. State*, 726 S.W.2d 53, 54–57 (Tex. Crim. App. 1986) (adopting *Strickland* standards in Texas).

## II. Applicable Law

Under the first prong of the *Strickland* test, an appellant must show that his lawyer's conduct was deficient. *Strickland*, 466 U.S. at 687. To do this, an appellant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed the defendant under the Sixth Amendment. *Id.* We presume for purposes of our analysis "that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that [counsel] 'made all significant decisions in the exercise of reasonable professional judgment.' " *Jackson v. State*, 877 S.W. 2d 768, 771 (Tex. Crim. App. 1994) (quoting *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992)). It is commonly assumed a "strategic motive" can be imagined. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

Under the second prong, the appellant must show that the deficient performance actually prejudiced the defense. *Id.* Appellant bears the burden of proving both prongs of an ineffective assistance of counsel claim by a preponderance of the evidence. *Jackson v. State*, 973 S.W. 2d 954 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 1998).

## B. Application of Law to Facts

As to appellant's assertion trial counsel failed to object to the testimony of family violence expert Ruth Guerreiro, the record reflects that, at the request of appellant's trial counsel, the trial court held a hearing outside the presence of the jury, during which appellant's trial counsel asserted Guerreiro was not qualified as an expert and that her testimony would simply bolster other witnesses with whom she had no contact. At the conclusion of the hearing, the trial court found Guerreiro had "particular specialized training and education in an area that is in fact at issue in the

case," "such testimony would assist the trier of fact," and the information is "commonly accepted and relied upon by experts in the field."

Appellant asserts his trial counsel should have re-urged the bolstering objection when the expert testified at trial and claims that the failure to do so rendered her assistance ineffective. We disagree. Generally, a party must object each time inadmissible evidence is offered in order to preserve error for review on appeal. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). There are two exceptions to this contemporaneous objection rule. *Id.* They are (1) when counsel obtains a running objection, or (2) counsel lodges an objection to all evidence that is deemed objectionable on a given subject at one time out of the jury's presence. *See id.* at 858–59. Here, trial counsel lodged an objection to all of the State's expert's testimony concerning family violence during the hearing on admission of the expert testimony, a hearing conducted outside of the presence of the jury. Therefore, a subsequent objection was not required to preserve error for appellate review. TEX. R. EVID. 103(b). Accordingly, trial counsel's conduct concerning the State's expert witness was not deficient and appellant has failed to satisfy the first prong of the *Strickland* test as to this complaint.

Next, appellant contends trial counsel rendered ineffective assistance by failing to object to the testimony of M.J.'s mother that in May 2016 she noticed M.J. had many bruises, and of M.J. herself as to other instances of abuse. The record shows appellant's trial counsel objected to the introduction of these offenses during pre-trial hearings, and the trial court overruled the objections. Consequently, no further objection was necessary. *Id.* Appellant does not challenge these rulings on appeal. Moreover, to successfully assert that trial counsel's failure to object to the introduction of evidence amounted to ineffective assistance, the appellant must show that the trial judge would have committed error in overruling the objection appellant asserts should have been made. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). Appellant has failed to make such a

showing here as to both his expert witness and extraneous offense complaints. We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

170884F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

RUDOLPH EDMONDS, Appellant

No. 05-17-00884-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1670406-U.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2018.