**Affirmed and Majority and Concurring Opinions filed September 3, 2020.**



**In the**

**Fourteenth Court of Appeals**

_____

**NO. 14-19-00286-CR**

_____

**RAMON TORRES, JR., Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1541830**

## CONCURRING OPINION

I agree with the court that trial counsel's performance was not so deficient as to deprive appellant of a fair trial. However, I take issue with the court's analysis in two respects. First, the court does not fully address appellant's arguments. Second, the court fails to acknowledge the uncertain state of the law concerning Confrontation Clause issues in the arena of DNA evidence.

I respectfully concur in the court's judgment.

First, appellant argues, "The reliability of the results Powers testified to was not tested in the crucible of cross-examination because defense counsel failed to invoke the Confrontation Clause in both of his objections to Powers testifying to those results *and made no inquiry into who and where the testing analyst was*." (Emphasis added.) The court addresses only the first part of this argument (whether trial counsel should have raised a Confrontation Clause objection) and not the second (whether trial counsel should have further developed the record). I believe we should consider appellant's entire argument. The key question in cases like this is whether an expert witness is acting as a "surrogate" by testifying about the testimonial statements of others despite not having made the statements and not possessing sufficient information or knowledge to verify their authenticity. *See Paredes v. State*, 462 S.W.3d 510, 517–18 (Tex. Crim. App. 2015) (discussing *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), and *Burch v. State*, 401 S.W.3d 634 (Tex. Crim. App. 2013)). While I ultimately conclude that the record on direct appeal in this case is insufficient to determine that trial counsel was ineffective in this regard, the court should address appellant's argument that trial counsel failed to adequately develop these issues at trial. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) ("Generally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard.").

Second, the court decides this case on the basis that *Paredes* governs the result. I am not so sure. As acknowledged by the court, there are fewer assurances in this case than in *Paredes* that Powers was not acting as a "surrogate." *See* 462 S.W.3d at 519. Further, *Paredes* has been sharply critiqued in dissent to an opinion from the First Court of Appeals that the Court of Criminal Appeals recently agreed to review. *See Molina v. State*, 587 S.W.3d 100 (Tex. App.—Houston [1st Dist.]

2019), *pet. granted*, PD 1079-19 (Tex. Crim. App. May 6, 2020); *see also id.* at 117–18 (Countiss, J., dissenting) (characterizing *Paredes* as "an about-face" on account of its "inexplicabl[e]" distinguishing of *Paredes* from *Burch*). I do not share the court's certainty that *Paredes* indubitably governs this case.

Again, however, we view this issue through the lens of the ineffective-assistance-of-counsel analysis. Given the uncertain state of the law on this issue, I ultimately agree that trial counsel's performance was not "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quotation omitted); *see Vaughn v. State*, 931 S.W.2d 564, 568 (Tex. Crim. App. 1996) ("An ineffective assistance of counsel claim cannot be based on an alleged error of counsel when the caselaw evaluating counsel's actions and decisions in that instance was nonexistent or not definitive.").

For these reasons, I concur only in the court's judgment.

/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Jewell, J., majority).

Publish — Tex. R. App. P. 47.2(b).